## THE STATE v. WYATT PERRY.

A *"pasture-fie'd"* is not ' *cleared ground under cultivation,"* within the meaning of the Statute, (Rev. Code, c. 48, s. 1,) requiring planters to keep around such ground, a fence at least *five* feet high.
(*State* v. *Allen,* 13 Ire. 56, cited and approved.)

INDICTMENT, *for an unlawful fence,* tried before *Cannon, J.,* at Fall Term 1869, of ASHE Court.

No other statement is required, than is to be found in the opinion.

Verdict, Guilty ; Rule &c.; Judgment and Appeal.

*Malone Clement,* for the appellant.
*Attorney General, contra.*

SETTLE, J. "Every planter shall make a sufficient fence about his cleared ground under cultivation, at least five feet high," &c.: Rev. Code, ch. 48, sec. 1.

"All persons neglecting to keep and repair their fences during crop time, in the manner required by law, shall be deemed guilty of a misdemeanor :" Rev. Code, ch. 34, sec. 41.

The indictment is founded upon the above enactments. It was in evidence that the fence in question enclosed "a pasture field," and it was admitted that it was not five feet high; but it was insisted that the statute did not embrace this case, as the land was not cultivated.

His Honor instructed the jury that "if the land enclosed had been sown in grass by the defendant, and used by him exclusively for his own stock, and to the exclusion of other people's, it would be such a cultivation as was intended by the statute, and the defendant would be guilty." We are unable to see any evidence tending to show that the land in question had ever been sown in grass, and therefore there is nothing to support the charge.

Passing by this objection, however, we do not think that
20

a *pasture field* is "ground under cultivation" within the meaning of the statute. It cannot be contended that a planter would be indictable for a failure to make a fence five feet high around a woods' pasture, for the statute only requires him to keep such a fence around his "cleared ground under cultivation." Why should a cleared pasture be a greater favorite in the eye of the law than a woods' pasture? Our conclusion is, that the statute does not embrace mere pastures of either kind.

Pastures of both kinds are protected by the Rev. Code, ch. 34, sec. 103, which enacts that, "if any person shall unlawfully and wilfully burn, destroy, pull down, injure or remove, any fence, wall or other enclosure, or any part thereof, surrounding or about any yard, garden, cultivated field or *pasture*, &c., every person so offending shall be deemed guilty of a misdemeanor." It will be observed that the law makes a distinction between tearing down, and, not building up, fences, and is much more exacting when it treats of the one than of the other. In the first instance, the unlawful removal, by *any person*, of *any fence*, or *any part thereof*, surrounding or about *any* yard, garden, cultivated field, or pasture, or about any church, grave-yard or factory, or other house in which machinery is used, is made a misdemeanor. In the second instance, the injunction is only to every *planter*, to make a sufficient fence about his *cleared ground, under cultivation*, and his failure to do so, subjects him to the payment of all damages which may be recovered against him, *before a Justice of the Peace*, for injury done to stock while trespassing upon his enclosed ground, when his fence shall be adjudged insufficient by two freeholders, who shall also ascertain and assess the damages. A neglect to keep and repair fences, "during crop time," is alone made a misdemeanor punishable by indictment. This view does not conflict with *State* v. *Allen*, 13 Ire. 36, which was an indictment for removing a fence around the cultivated land of the prosecutor. It is there held that it was not neces-

sary to the conviction of the defendant that there should be something actually growing in the field at the time of the removal of the fence; the fact that the field was in due course of cultivation, was sufficient.

The present system of fence-laws has been upon our statute-book for many years, and yet it is a notorious fact that it has entirely failed to carry out the purposes for which it was designed. The experience and observation of every one teaches him that not more than one planter in every hundred pays any attention to the law requiring him to make a sufficient fence around his cleared farm under cultivation.

It is a rare thing to see an indictment for this offence in our courts, without finding a cross-indictment upon the prosecutor: for, in ninety-nine cases out of every hundred they are *in pari delicto.* A system which has failed after a long and fair trial to make its impress upon the country, must be defective.