STATE v. G. W. McMINN.

*Removing Fence—Cultivated Field—Town Lot—Judge's Charge.*

1. On trial of an indictment for removing a fence under Bat. Rev., ch. 32, § 93, it appeared that the rails of which the fence was built had been taken from a fence on an adjoining tract of land claimed by defendant, and in a short time thereafter the defendant retook them, by which removal the cultivation of the prosecutor's field was prevented; and the court told the jury that if the land had been cultivated the year before, it was a field as charged in the bill, and a verdict of guilty was rendered : *Held* not to be error.

2. *Held also*, That a town lot is a "field" within the scope and meaning of the act. But if the trespass be upon a garden, the bill should so charge, to conform to the act.

3. *Held further*, A tract of land cleared, fenced and used for cultivation according to the ordinary course of husbandry, although nothing may be growing within the enclosure at the time of the trespass, is a "cultivated field" within the description of the statute.

(*State* v. *Allen*, 13 Ire., 36, cited and approved.)

INDICTMENT for removing a Fence under Bat. Rev., ch. 32, § 93, tried at Spring Term, 1879, of HENDERSON Superior Court, before *Gudger, J.*

The bill of indictment charged that the defendant did

wilfully and unlawfully pull down, injure and remove a fence surrounding a cultivated field.

The facts and exceptions to the charge of the court are sufficiently set out in the opinion.   Verdict of guilty, judgment, appeal by defendant.   (See *State* v. *Hovis,* 76 N. C., 117.)

*Attorney General,* for the State.
No counsel in this court for defendant.

ASHE, J.   This case comes before this court upon exceptions to the ruling of the court below, upon special instructions asked by defendant, and to the charge of His Honor to the jury.   The indictment is for the removal of a fence surrounding a cultivated field.   The land enclosed by the fence removed was a lot in the town of Hendersonville, which had been cultivated the year preceding that in which the alleged offence was committed, and was prevented from being cultivated in the latter year by the removal of the fence.   The rails of which the fence in question or some part thereof was built, had been taken by one Dr. Allen, a short time previous, from a fence on the adjoining tract of land, of which the defendant had been in possession, and to which he had set up some claim.

Upon the trial the defendant asked the court to charge:

1. "That if Dr. Allen took McMinn's rails from his possession without his permission, and McMinn, as soon as he learned it and within two weeks after the first taking the rails by Allen, retook the rails, Allen not being present, the defendant would not be guilty."

2. "That if the jury should find that the enclosed ground, from around which the fence was removed, was a lot in the town of Hendersonville, it was not a field as described in the indictment, and for this variance the defendant ought to be acquitted."

The court declined to give either of these instructions, and the defendant excepted. The court then proceeded to instruct the jury that if the land had been cultivated the year before, it was a field within the description as laid in the indictment, to which the defendant also accepted. The jury returned a verdict of guilty and the judgment of the court was pronounced against the defendant, from which he prayed and obtained an appeal to this court.

There was no error in the charge of His Honor, or in his ruling upon the instructions asked.

As to the first instruction: Admitting the rails were taken from the land to which the defendant had a rightful claim, while the rails are being removed from the one tract to the other, and before they are laid as a fence, they would be his personal property, and he would have had the right to retake them, if he could have done so without a breach of the peace, but by incurring a liability to a civil action for trespass upon the land of the prosecutor; but as soon as they are made up into a fence on the land of the prosecutor, they become real property, and he would not have the right to retake them, but would be driven to his civil action for relief.

We hardly think it worth while to consider the second exception. Worcester says a lot is a " piece of land," and a field is " a cultivated tract of land." The term " lot " is usually applied to parcels of land lying in cities and towns. It may consist of one acre, or more or less; and if enclosed and cultivated, is just as much a " field " according to the definition, as if it lay in the country. An acre of land lying in the country, fenced and cultivated, would certainly be called a field. The fact of its lying on the one or the other side of the corporate boundary of a town would make no difference. If it is a garden, of course it should be so charged in the bill of indictment.

But the main question for our consideration is in regard

to the correctness of His Honor's charge, whether the land from about which the fence was taken was such a cultivated field as comes within the description of the act of 1846. In the case of *State* v. *Allen*, 13 Ire., 36, which is a case almost identical in its facts with this case, this court gave a construction to the statute. There, the proof was that the prosecutor had cultivated the land or field in question under a fence in the year 1849, and in the ensuing year, while there was nothing actually growing in the field, and before the ordinary time for pitching the crop, the defendant removed some fifty or one hundred yards of the fence surrounding the field, and the prosecutor was thereby prevented from making a crop ; and the court held it was a cultivated field within the meaning of the statute. The construction given to the act by that decision, we take to be, that where a piece or tract of land has been cleared and fenced, and cultivated or proposed to be cultivated, and is kept and used for cultivation according to the ordinary course of husbandry, although nothing may be growing within the enclosure at the time of the trespass, it is a "cultivated field" within the description of the statute.

There is no error. Let this be certified to the superior court of Henderson county that further proceedings may be had agreeably to this opinion and the laws of the state.

PER CURIAM.                                        No error.