### STATE v. T. S. CORNETT and TWAY CORNETT.

(Filed 29 October, 1930.)

**1. Criminal Law I g—Where instruction is ambiguous as to the quantum of proof necessary for conviction a new trial will be awarded.**

The burden is on the State in a criminal action to prove the defendant's guilt beyond a reasonable doubt, and where the trial court instructs the jury that if they find by the greater weight of the evidence that the defendant committed the offense charged, and found him guilty beyond a reasonable doubt, they should return a verdict of guilty, a new trial will be awarded on appeal, it being impossible to determine which of the conflicting instructions the jury followed.

**2. Indictment E c—Instruction that pasture is a field within the meaning of the statute making the removal of a fence therefrom misdemeanor is error.**

Where in a criminal prosecution for the violation of C. S., 4317, providing that a person removing a fence surrounding "any yard, garden, cultivated field, or pasture" should be guilty of a misdemeanor, the indictment charges the defendant with having removed a fence surrounding a cultivated field, and the evidence is that the fence surrounded a pasture : *Held,* the words "pasture" and "cultivated field" are not synonymous and are distinguished in the statute by a disjunctive, and an instruction which charges that a pasture is a cultivated field within the meaning of the statute is erroneous.

APPEAL by defendants from *Moore, J.,* at April Criminal Term, 1929, of ASHE. New trial. See *S. v. Cornett,* 197 N. C., 627.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*W. R. Bauguess for defendants.*

ADAMS, J. If any person shall unlawfully and wilfully burn, destroy, pull down, injure, or remove any fence, wall, or other inclosure, or any part thereof, surrounding or about any yard, garden, cultivated field, or pasture, . . . he shall be guilty of a misdemeanor. C. S., 4317.

The indictment charges the defendant with pulling down, injuring, and removing a fence surrounding a cultivated field in breach of this statute. He was convicted, and from the judgment pronounced he appealed to this Court.

His Honor gave the jury this instruction: "I charge you that if you find from the evidence and by its greater weight that they moved the fence from the place where it was, or tore down the fence and put up some other fence, they would be guilty of moving a fence surrounding a cultivated field; a pasture field is a cultivated field in law, because a man could not have a pasture unless he cultivated it; and if you find by the greater weight of the evidence that they tore down this fence as described by the prosecuting witness and Tway Cornett; if you find that to be true beyond a reasonable doubt it will be your duty to return a verdict of guilty; and if nothing to the contrary you will return a verdict of guilty."

The defendants cannot be convicted unless their guilt is proved beyond a reasonable doubt; but under the instruction given it was permissible to establish their guilt by the greater weight of the evidence. Through an inadvertence the burden imposed upon the plaintiff in a civil action is that which was imposed upon the State in the first part of the charge. The subsequent imposition upon the State of the proper burden of proof did not cure the error. How can it be determined which of the conflicting instructions the jury adopted?

The indictment charges the removal of a fence surrounding a cultivated field. According to the evidence the fence surrounded a "pasture field," in which there was turf grass, but no crops. The statute forbids the injury, removal, or destruction of a fence surrounding . . . a cultivated field or pasture. If the words "cultivated field" and "pasture" are synonymous, why distinguish the terms by a disjunctive? If land is cleared, fenced, and cultivated, or is kept and used for cultivation according to the ordinary course of husbandry, although nothing is growing within the enclosure at the time of the trespass, it is a cultivated field within the meaning of the statute. S. v. Allen, 35 N. C., 36; S. v. McMinn, 81 N. C., 585; S. v. Campbell, 133 N. C., 640; Combs v. Commissioners, 170 N. C., 87. The word "pasture" is defined as ground for the grazing of domestic animals. New Standard Dictionary; 1 Thomas, Coke, Litt., 202. It includes also the grass growing upon the ground. Gulf, etc., Ry. Co. v. Jones, 21 S. W., 145; 47 C. J., 1376. But a pasture is not cleared ground under cultivation. S. v. Perry, 64 N. C., 305.

New trial.