Nash, C. J.
 

 The question is, as to the possession of the plaintiff. Without possession, by plaintiff, actual or presumptive, the action cannot be maintained. We agree with his Honor, that the plaintiff had such a possession as will sustain his verdict against the defendant, who was a trespasser without any title. The plaintiff, claimed title under a deed of conveyance from Nathan Lamb, who claimed under the will of Gabriel Lamb. Plaintiff took possession under his deed, and put the land under cnltivation, and lived on another tract of his, about two miles distant. No other person was in the adverse possession, at the time the trespass was committed. On the land in question, were two houses, which were occupied by two individuals; one of whom, Jane Walker, was his servant
 
 *372
 
 to keep possession for him, and who had liberty to take firewood, from the wooded portion of the land.
 

 His Honor was requested to charge the jury, that the possession of the whole tract was in the actual occupants of the houses, and that the action should have been brought in their names. This, his Honor declined. Prom the statement of the case, those individuals were merely tenants of the houses they respectively occupied, and their actual possession extended only to the houses and the ground immediately around them. Yet, though this be so as to the tenants themselves, as to the plaintiff, the possession of the tenants was his possession, and extended to the lines of his deed, so as to enable him to maintain an action of trespass against any one who has not a better title to the land.
 
 Graham
 
 v. Houston, 4 Dev. 232 ;
 
 Osborne
 
 v.
 
 Ballew,
 
 12 Ire. 373. The plaintiff had such a possession of the
 
 locus in
 
 quo, as will maintain the action.
 

 Per Curiam.
 

 There is no error, and the judgment is affirmed.