### STATE *v.* JOHN ELLEN and others.

Where A, under a contract of purchase, claimed a tract of land, in the possession of, and also claimed by B, and entered upon and took temporary possession of a cabin on the land, though forbidden by B to do so : *Held,* that A was not indictable under the Act of 1865-'66 for a wilful trespass.

(*State* v. *Hank* and *Durham,* 66 N. C. Rep. 612, cited and approved.)

INDICTMENT for wilful Trespass, tried before *Mitchell, J.,* at the Fall Term, 1872, of ASHE Superior Court.

The defendants were indicted, under the Statute of 1866, chap. 60, for a wilful trespass on the lands of one Mary Miller, after having been notified, and forbidden to do so. The prosecutrix claimed the right of possession of the land whereon the trespass was committed, in consideration of her husband having claimed it, and held it adversely and cultivated it continuously from the year 1860 to the time of his death; since which time, she and one Jonathan Miller, coguardians of her children, have held the land and cultivated it for the children's benefit. Such was the only evidence of her title and that of the children.

The defendants claiming title under a contract of purchase from one Waugh, in January, 1872, entered upon the land against the consent of Mrs. Miller, and after being forbidden, and took temporary possession of a cabin, which was being erected on the land. From this they were ousted, and departed, taking with them some articles they had placed in the cabin.

His Honor being of opinion with the defendants, so instructed the jury, who returned a verdict of not guilty. Motion for a new trial; motion overruled. Judgment, and appeal by the State.

*Attorney General Hargrove,* for the State.
*Todd,* for defendant.

BOYDEN, J. As we understand the case, his Honor was right in giving judgment for the defendants upon the case agreed; and his Honor could not have given judgment against the defendants, without substantially disregarding the decision in the case of the *State* v. *Hanks et al.*, 66 N. C. Rep. 612. Indeed, that was a much stronger case against the defendants, as in that case, the son of the prosecutor, who had cultivated the field invaded for two years, was actually present forbidding the entry which might have resulted in a breach of the peace; and in that case, as intimated in the opinion of the Court, had the title to the land been in the prosecutor, the defendants would have been liable to a civil action of trespass, however honest their belief of their right to pass through the field, to complete their survey under the warrant. In the case before us, we take for granted that his Honor held, that, as the defendants set up a *bona fide* claim of title to the land, the case was not within the Act of 1865–'66, and in this his Honor was right.

It cannot be denied that the case of the *State* v. *Hanks et al.*, was in the words of the statute, but the Court held it not within the meaning.

In the case of the *State* v. *Dedson*, 6 Caldwell's Tenn. Rep. decided in 1869, under a statute similar to the act of 1865–'66, the judge, in delivering the opinion of the Court, says: " If we commit a trespass upon the land of another, his good faith in the matter, or ignorance of the true right or title, will not exonerate him from civil responsibility for the act. But when the statute affixed to such a trespass the consequences of a criminal offence, we will not presume that the Legislature intended to punish criminally acts committed in ignorance, by accident or under claim of right and in the *bona fide* belief that the land is the property of the trespasser unless the terms of the statute forbid any other construction.

It was upon this very ground stated by Judge ANDREWS,

MARSH *v.* COHEN.

in the case of *Dodson* v. *the State*, that the case of the *State* v. *Hanks et al* was decided. That case was manifestly within the words, but as the Court held, not within the mischief.

We held the decision in that case was right, and that was full authority for his Honor's ruling in our case.

There is no error.

This will be certified.

PER CURIAM. Judgment affirmed.