STATE *v.* P. H. HODSON and anothers.

Where one, against whom an offence is alleged to have been committed, had not been endorsed as prosecutor upon the bill of indictment, the court has no authority, after indictment found and a *nol. pros.* entered, to endorse such person as prosecutor, without his consent, and thus subject him to the cost of the prosecution, notwithstanding the Solicitor had admitted that such prosecution was frivolous and malicious.

(*State* v. *Lupton*, 63 N. C. Rep. 483; *State* v. *Darr*, Ibid, 516, cited and approved.)

This was a MOTION in the cause heard before *Kerr, J.* at Fall Term, 1875, of GUILFORD Superior Court.

The defendants were indicted for a forcible trespass upon the lands of James Lowe and Daniel Lowe.

At December Term, 1874, on motion of the counsel for the defendants, upon the admission of the Solicitor that the indictment was frivolous and malicious it was ordered by the court that James Lowe and Daniel Lowe be endorsed as prosecutors upon the bill of indictment. After this order was

made, and when the case was called for trial, the Solicitor entered a *nol pros*.

The counsel for the defendants thereupon moved the court to tax the prosecutors with the cost of the action, and at the request of the court filed a certificate as to the materiality of certain witnesses summoned and in attendance, in behalf of the defendants. Upon the hearing the motion was allowed by the court.

At a subsequent day, during the same term of the court, the prosecutors came into court, and by their counsel moved that the order taxing them with cost be re-considered until they were further heard.

The motion was allowed by the court, and at Fall Term, 1875, the motion was again heard, when it was insisted on the part of the prosecutors that his Honor was not authorized to make the order upon the following grounds:

1. That the witnesses certified by counsel to be material and necessary for the defence were not examined, and therefore the court could not know that the prosecution was malicious or frivolous.

2. That the court had no authority in law to adjudge the witnesses of the defendants, material and necessary, upon the certificate of counsel merely, the witnesses never having been sworn or tendered.

His Honor permitted the prosecutors to introduce evidence touching the facts connected with the alleged trespass, which evidence was replied to by evidence on the part of the State.

The court declined to vacate the order theretofore made and confirmed the same, whereupon the prosecutors appealed.

*Dilliard & Gilmer* and *Tourgee*, for the appellants.
*Attorney General* with whom was *Morehead*, for the State.

READE J.    Before the adoption of our present Constitution a defendant in a criminal prosecution was obliged to pay his

costs whether convicted or acquitted. That was thought to be hard, and so our Constitution is careful to provide that no one shall be compelled to pay costs in a criminal prosecution against him "unless he be convicted." Art. 1, sec. 11. This was much relied on by defendant's counsel. After thus guarding the rights of *defendants,* it would be strange to carelessly inflict the costs upon *some one else,* without conviction. We must avoid Scylla as well as Charybdis. And yet in this case the defendants were indicted, a true bill found, *nol pros* entered, and the prosecution admitted to be frivolous and malicious by the Solicitor for the State, whereupon the court ordered the persons against whom the offence was alleged to have been committed, to be endorsed as prosecutors, and on motion of the defendants ordered the prosecutors so endorsed to pay the costs of the defendants. They had not been endorsed as prosecutors on the bill of indictment; it does not appear that they were witnesses; or that they had notice of the motion to endorse them as prosecutors, or to make them pay costs. There was no trial from which the court could see from the part they took, whether they were prosecutors, but the action of the court was based upon the admissions of the Solicitor and the motion of the defendants. At least so it appears from the record before us. It is true that at a subsequent day of the term the prosecutors came into court and asked that the proceedings against them might be re-considered and the order vacated. The court did re-consider but refused to vacate. And so, these persons were made prosecutors without their knowledge or consent, and fixed with the stigma of a malicious prosecution and a bill of cost upon the " admissions " of the Solicitor.

There is no doubt that the court may, in a proper case, make the prosecutor pay the costs. But it has first to be determined who is the prosecutor? The Solicitor says that A is the prosecutor; A denies it—how is it to be determined? Examine the bill. If he is " marked on the bill," then he is

prosecutor ; otherwise not. C. C. P., sec. 560 ; Acts 1874–'75, chap. 247. Just as we determine who is plaintiff in a civil action. Not only is that the plain letter of the statute, but it has been decided in two cases in this court. *State* v. *Lupton*, 63 N. C. Rep., 483 ; *State* v. *Darr*, 63 N. C. Rep., 516.

It would seem, that no person ought to be endorsed as prosecutor, with a view to his liability for costs, without his consent. No harm can grow out of this, because the Solicitor may refuse to send a bill unless he will consent to be endorsed, and may abandon the prosecution at any time. And whether he is endorsed or not, he is liable to a civil action if the prosecution be malicious, when, of course, he can put in issue the fact whether he did prosecute or not. If, however, one may be made prosecutor without his consent, an innocent man may be put in jeopardy, not, of course, by the wilful wrong of the Solicitor, but by his mistake.

This will be certified, to the end that the order may be vacated and the appellants discharged.

PER CURIAM.                                    Judgment accordingly.