## STATE v. J. C. CROSSET.

*Prosecutor, power of court to make—Trespass on Land—Bonâ Fides.*

1. The court has no authority to order one against whom an offence is alleged to have been committed, to be marked as prosecutor after indictment found, without his consent. (By the act of 1879, ch. 49, such person may be notified to show cause why he shall not be made the prosecutor of record.)

2. One who enters upon the land of another under a *bona fide* claim of right is guilty of no criminal offence; *Therefore*, where an employee of a railroad company was ordered to fell trees upon land adjacent to its track, which had been conveyed by the owner for right of way, &c.; *Held*, not to be indictable for a wilful trespass. Bat. Rev., ch. 32, § 116.

(*State* v. *Lupton*, 63 N. C., 483; *State* v. *Darr*, *Ibid.*, 516; *State* v. *Hodson*, 74 N. C., 151; *State* v. *Ellen*, 68 N. C., 281; *State* v. *Hanks*, 66 N. C., 612, cited and approved.)

INDICTMENT for Misdemeanor under Bat. Rev., ch. 32, § 116, tried at Spring Term, 1879, of ROWAN Superior Court, before *Schenck, J.*

The bill was found at fall term, 1878: The jurors, &c., present, that defendant with force and arms, &c., upon the lands and premises of one Jesse W. Miller, &c., did then and there wilfully and unlawfully enter upon and fell and destroy the timber growing thereon, after being forbidden to enter upon said premises by the said Miller, and without a license from him to do so, contrary, &c.

The defendant was in the employ of the North Carolina railroad company, as section master, and acted under the orders of the company in committing the acts alleged to be in violation of law. And the company claimed the right to enter upon the land adjacent to the railroad track for the purposes mentioned in the indictment, under a deed executed by Henry Miller, the ancestor of said Jesse W. Miller,

which is substantially as follows: We whose names are hereunto subscribed, and over whose lands the track of said company passes or will pass, being desirous that the road shall be constructed, and willing to lend our aid to effect this object, in consideration, &c., do hereby for ourselves, our heirs and assigns, grant, assign and give the right of way over our lands to the president and directors of said company, to be used by them so long as this corporation shall exist, for the purpose of constructing the track over our lands, and to use any part thereof convenient and adjacent thereto, which may be necessary for its construction, &c.; it being expressly understood that we reserve the right to use our lands up to the road, so that we in nowise obstruct or interfere or endanger said road, in track, or culverts, or ditches thereto belonging; or that we do not erect any buildings or stacks, or put up any other material within one hundred feet of the centre of the road; and if we or our heirs or assigns should do so, it is done at our own risk and not at the risk of the company. This deed was signed by several persons, among them the said ancestor.

The jury found a special verdict, which is set out in the opinion of this court, and upon it the court below held that the defendant was not guilty, and *Dobson*, solicitor for the state, appealed.

When the case was called for trial, the court on motion of defendant's counsel ordered Jesse W. Miller to be marked as prosecutor, and upon acquittal of defendant, judgment was rendered against Miller for the costs. Exception and appeal by Miller.

*Attorney General*, for the State.
*Mr. Kerr Craige*, for Miller.
*Mr. J. M. McCorkle*, for defendant.

AsHE, J. The defendant was indicted for entering upon

the land of one Jesse W. Miller, and blazing and felling trees on the same after having been forbidden so to do by the owner of the premises.   At spring term, 1879, of Rowan superior court, the case was brought to trial by a jury, who returned a special verdict finding the following facts: "The defendant as section master of the Richmond and Danville railroad company entered upon the premises of one Jesse W. Miller after being forbidden so to do, and blazed the timber for the distance of one hundred feet from the centre of the railroad track.   Henry Miller, the ancestor of the said Jesse W. Miller, executed a deed to the North Carolina railroad company for the right of way, as the defendant alleges, and also for the use of one hundred feet of said lands measured from the centre of said railroad track; but, as the state alleges, only covering the right of way and reserving to the grantor the use and enjoyment of the land up to the line of the railroad track."   They further find as a fact "that the defendant acted under orders of the North Carolina railroad company, and felled and destroyed the timber as aforesaid for the purpose of keeping leaves from falling on the railroad track and filling up the ditches, and for the purpose of letting the sun shine on the track, and so as to enable the company to have a view of said track."

Upon the finding of the jury, His Honor rendered a judgment in favor of the defendant, from which the state appealed.

When the case was called for trial, upon motion of the defendant's counsel the court ordered Jesse W. Miller, the owner of the land upon which the alleged trespass was committed, to be marked as prosecutor; and there was judgment against him for the costs of the indictment, to which order and judgment he excepted, and from which he appealed.

The record presents two questions for our consideration; first, did the court have the authority to order Miller to be marked as prosecutor and adjudge him to pay the costs of

the prosecution ? and second, was the defendant guilty of any violation of the criminal law of the state in entering upon the land in question ?

As to the first point:

We are of the opinion that His Honor had no authority to order Miller, the owner of the land, to be marked as prosecutor, and in consequence, none to tax him with the costs. Where a person is marked as prosecutor when the indictment is sent to the grand jury, and on the trial it appears that the prosecution is frivolous or malicious, the court unquestionably has the right to order the prosecutor to pay the costs. But in such case the person so taxed with the costs must be marked on the bill as prosecutor. Acts 1874–'75, ch. 247 ; C. C. P., § 560 ; *State* v. *Lupton*, 63 N. C., 483 ; *State* v. *Darr*, *Ibid.*, 516. The court has no right to order him to be marked as prosecutor without his consent. *State* v. *Hodson*, 74 N. C., 151. And when he has been ordered to be endorsed as prosecutor and has been taxed with the costs, and has excepted to the order and judgment, he has the right of appeal, and his appeal brings up both questions. *State* v. *Hodson, supra,* which is a case on "all fours" with ours.

It is insisted on the part of the defendant that if there was no other law authorizing His Honor to have Miller marked as prosecutor, he had the right to do so by virtue of the act of 1879, ch. 49. But the authority cannot be derived from that act, for it is expressly provided that "no person shall be made a prosecutor after the finding of the bill, unless he has been notified to show cause why he shall not be made the prosecutor of record." No such notification was given to Miller in this case, and the order and judgment of His Honor having him endorsed as prosecutor after the bill was found, and taxing him with the costs, are unwarranted by either legislation or judicial decision in this state.

As to the second point:

The defendant plead specially that he had the right to do the acts as stated in the bill of indictment, and relied for his defence upon the deed made by Henry Miller and others to the president and directors of the North Carolina railroad company, conveying to said company the right of way, and the facts which were found by the jury in their special verdict.

In construing the deed, the first rule to be observed is to ascertain the intention of the parties, to be gathered from the words of the deed and the purposes of the grant in contemplation of the parties. The deed was made by the ancestor of Jesse W. Miller to the president and directors of the North Carolina railroad company, avowedly to secure to them the right of way for a railroad, to be constructed over and across his land, and the right to use any part thereof convenient and adjacent to said track, which may be necessary for its construction; reserving the right to use the land up to said road, so that he in nowise obstruct, or interfere, or endanger, said road in track, culvert or ditches; and the grantor stipulated that he was not to put any building or other material within one hundred feet of the centre of said road except at his own risk.

The deed having been made for the purposes indicated, it follows that everything which was necessary to the use and enjoyment of the right of way, within the power of the grantor to convey, would also pass. The grant of a thing will include whatever the grantor had the power to convey, which is reasonably necessary to the enjoyment of the thing granted. 3 Washb. on Real Prop., 341. And where a thing is granted, all the means to attain it and all the fruits and effects of it are granted also, and shall pass inclusive, together with the thing, by the grant of the thing itself, without the words *cum pertinentiis* or such like words. Broom Leg. Max., 98. It is evident from the words of the deed

that it was the intention of the grantor that the grantee should have the right to use his land adjacent to the track *for the necessary uses and requirements* of the road, to the distance of one hundred feet from its centre. And this construction is especially aided by the stipulation in the deed that the grantor will in "nowise obstruct, interfere or endanger said road, in track, culvert or ditches," and would put no building, &c., within one hundred feet of said road, except at his own risk.

In this view of the case, we think the railroad company had the same use of the land of the grantor for the purposes of constructing, protecting and repairing their road, as they would have had if the one hundred feet on each side of said road had been condemned in the mode prescribed in the charter. And if it had been condemned according to the provisions of the charter, the company would certainly have had the right to fell the trees along the track within the one hundred feet, "to keep the leaves from falling on the track and filling up the ditches, and for the purpose of letting the sun shine on the track of said road, and so as to enable the company to have a view of the track." *Brainard* v. *Clap*, 10 Cush., 6. And the exercise of this right by the company would not interfere with the grantor's qualified right, as reserved by him, to use the land up to said road.

But aside from this view of the case, we hold that as the defendant entered upon the land by the orders of the railroad company who held the deed of Henry Miller, under whom Jesse W. Miller claimed, for the right of way, his entry was *bona fide,* and therefore not in violation of the provisions of the act of 1866, ch. 61, which was intended to prevent trespassers and "interlopers" after being forbidden by the owners from entering upon their lands, and does not apply to persons who enter under a *bona fide* claim of right. *State* v. *Ellen,* 68 N. C., 281; *State* v. *Hanks,* 66 N. C., 612.

We are of the opinion that there was error in the order and judgment of His Honor ordering Miller to be endorsed as prosecutor on the bill and taxing him with the costs, and they are reversed; but there was no error in giving judgment for the defendant upon the special verdict. Let this be certified, &c.

PER CURIAM.                    Judgment accordingly.