DAVIS and AVERY, JJ., dissenting.
The evidence tended to prove that in October of 1887 the prosecutrix leased to the defendant for the term of three years seven acres of land, "indicated by certain natural points and objects" that fixed the limits thereof, the same being a part of a larger tract containing thirty-five acres, and he was expressly forbidden to cut any timber outside of the land leased to him. The evidence further tended to prove that the prosecutrix claimed to have title to the land by virtue of a deed from her father, and that the defendant, while his said lease was current, cut certain shingle-blocks upon the land, outside of that embraced by his lease, etc.
The defendant offered in evidence a grant to one Hemphill, embracing the land above mentioned, "dated in 1857, and to show that, in fact, the said Hemphill was the actual owner of said land and at that time entitled to the possession" thereof, and that the father of the prosecutrix had no title to the same, or any part thereof. He offered further to prove that he was authorized and employed by the said Hemphill to cut the shingle-blocks mentioned on the land, and that he did cut them as his agent and employee, etc.
The court admitted this "evidence for the purpose of showing that the defendant was a bona fide claimant of said land, but would not admit it for the purpose of proving title in Thomas L. (741) Hemphill, or disproving the title of" the prosecutrix. The defendant excepted "and proceeded to introduce the evidence for the purpose of showing that he was a bona fide claimant and acted in good faith," etc. There was evidence tending to show title to the land in Hemphill; that he employed the defendant to cut the shingle-blocks, and that the latter cut them as his employee, etc.
The defendant requested the court to instruct the jury that if Hemphill was the owner of the land, and the defendant cut the shingle-blocks as his employee and by his instructions, then defendant was not guilty. The court refused so to charge, and defendant excepted.
The court instructed the jury that the defendant having taken the lease and entered upon the land embraced by it, "the law would not permit him, during the continuance of the lease and the relation growing *Page 534 
out of it, to assume a position antagonizing the right and title of defendant's lessor, and that so far as the defendant in the case is concerned, they would consider the prosecutrix as the owner of the property, and the defendant having admitted that he cut and carried away the wood and timber from said land outside of the seven acres leased, without the consent of the prosecutrix, and after being forbidden to do so by her or her agent, his guilt or innocence would depend on the good faith of his claim of right."
The court further instructed the jury, that if the defendant cut the timber under the honest belief that he had the rightful authority so to do, he would not be guilty, etc.
There was a verdict of guilty and judgment thereupon, from which the defendant appealed.
The defendant is indicated for a violation of the statute (Code, sec. 1070) which prescribes as to offenses like that charged, that "If any person, not being the present owner or bona fide claimant thereof, shall wilfully and unlawfully enter upon the lands of another, and carry off or be engaged in carrying off, any wood or other personal property whatsoever, growing or being thereon, the same being the property of the owner of the premises, or under his control, keeping or care, such person . . . shall be guilty of a misdemeanor."
It is to be observed that the person who may be charged with the offense thus prescribed, must be a person, first, who is not the owner of the land from which the wood or other personal property shall be taken, or, secondly, a person who is not a bona fide claimant thereof. A charge against such owner or bona fide claimant cannot be sustained at all. Evidence must be produced on the trial to prove that the prosecutor, or the person charged to have been injured, was the owner of the land at the time of the carrying off of the wood or other personal property — that he was at least then in possession thereof by himself or another, claiming it as his property. Surely, then the defendant has the right to show first, if he can, that he is the owner of the land, and therefore not subject to such charge. How can he do this but by showing in some proper way that he himself is the owner? He has the clear right to show title in himself if he can. And, secondly, if he cannot show perfect title, he has the further right to prove facts which show that at such time he was the bona fide
claimant thereof. The offense created is of such nature as to render it necessarry [necessary] for the *Page 535 
defendant, and to allow him, to show title to the land in himself, or to prove that he was the bona fide claimant of the same. The purpose of this statute is not to prevent a simple trespass on the land affecting merely the possession, but to prevent the taking of wood and other personal property as prescribed, that belongs to the owner (743) from the land of which he is the owner in some way. It is no part of the purpose of the statute to prevent the real owner, though not in possession, from asserting his rights to have possession, control and benefit of it in any lawful way within his power, or to prevent such owner out of possession from taking it in any proper way, and taking from it as he may see fit wood and other property that may belong to him. The chief purpose is to prevent persons who have no right or title to the land, and no bona fide claim to it, from carrying from it wood and other personal property not their own. This statute (Laws 1866, ch. 60) was first enacted soon after the late civil war, to prevent and suppress a very common public grievance then prevailing, which is pointed out inS. v. Crawley, 103 N.C. 353.
An essential quality of the offense so prescribed is, that it shall be committed by some person other than the owner of the land or a bona fide
claimant thereof, and that it shall be done wilfully or unlawfully, and it must be so charged in the indictment. Hence, if the owner of the land sends his servant or employee on the same to cut timber and take the same off, such servant would not be guilty of the offense. In that case he would not take it wilfully and unlawfully in contemplation of the statute. This is so because the owner had the right to send his servant to cut and take the timber from his own land.
In this case the court instructed the jury that the prosecutrix, and not Hemphill, "was to be regarded as the owner of the property; notwithstanding this, defendant still could not be convicted if his claim of right was made in good faith," etc., and the evidence of title to the land in Hemphill was received only as tending to show such good faith on the part of the defendant. In this there is error.
The evidence of title in Hemphill should have been received, not simply for the purpose of showing good faith of the (744) defendant, but as well for the purpose of showing title to the land in Hemphill. If the latter was the owner of the land, as the evidence in one view of it tended to prove, then the defendant was not guilty, because he cut the shingle-blocks under the direction of and for such owner, and in this view no question of good faith could arise. As we have seen, the defendant had the right to prove that the prosecutrix was not the owner of the land, that Hemphill was, at the time he cut and took the timber, and he could show such facts by producing evidence *Page 536 
of his title. He could not make such defense otherwise. In S. v. Crosset, 81 N.C. 579, the defendant was indicted under a somewhat similar statute (Code, sec. 1120), and he was allowed to show title to the land in question in a railroad company, under and for whom he did the acts for which he was indicted. See also S. v. Bryson, 81 N.C. 595; S. v. Crawley, supra; S. v.Winslow, 95 N.C. 649.
If Hemphill had been indicted with the defendant, or alone, is it not clear that he might have shown that the land was his, and he thus had the right to cut the timber? And if he should show title, would not this be a good defense for himself and his servant? How could he show that the land was his, he being out of possession, but by producing evidence of his title? Can it be possible that he might, under the statute, be convicted for cutting and taking his own timber from his own land? It is said that he might be excused in that case upon the ground that he was a bona fide claimant. The jury might not believe he was such claimant. If he was the owner of the land he could defend himself successfully without being exposed to the hazard of showing what the jury might or might not regard as a bona fide claim; he had the right to place his defense upon the higher and safer ground that he was the owner of the land. If he showed title it was the duty of the (745) court to instruct the jury to render a verdict of not guilty. In that case the law concluded that he had the right to cut the timber because it was his own, he was not simply a bona fide claimant, he was the absolute owner.
It is conceded that, ordinarily, the title to land does not come in question in criminal actions, but the statute creating the offense charged here is such, in its nature and purpose, as in possible cases like the present one, to make the guilt or innocence of the defendant depend upon the title to the land from which the wood or other property may have been taken. If the act charged was done by the owner thereof, he could not be guilty, nor would he be if, being out of possession, he should go upon it and cut and carry away timber. The statute does not forbid the mere going upon the land, it does not prohibit the simple invasion of the prosecutor'spossession thereof, it only forbids persons, not the owner or the bona fide
claimant thereof, to carry from it wood or other property. The owner being out of possession of the land could not, in the nature of the matter, defend himself as owner otherwise than by showing title. S. v. Roseman,66 N.C. 634; S. v. Hanks, ib., 612, and the cases cited, supra.
The evidence tended to prove that the prosecutrix was in possession and the owner of the land from which the defendant removed the shingle-blocks mentioned, but it did not go at all to prove that he was her tenant as to that part of the land from which the blocks were taken. *Page 537 
It only went to prove that he was her tenant as to certain seven acres thereof particularly described by natural boundaries of the larger tract. If it be granted that the defendant could not be allowed, in a case like this, to deny that the prosecutrix was the owner of the seven acres as to which he was tenant, he was not so concluded as to other parts of the land, including that from which he cut the shingle-blocks, because as to that he was not her tenant. As to that there was no agreement or relation of any nature that concluded him for any (746) purpose, or prevented him from denying her title thereto. He might admit and agree that the prosecutrix was the real owner of the seven acres that he leased from her, but he might also deny that she had any title or right to the balance of a tract she claimed to be hers. The evidence was direct that the defendant leased certain seven acres ascertained, and he was admonished not to cut timber elsewhere. Kissam v.Gaylord, 46 N.C. 294; Fisher v. Mining Co., 94 N.C. 397, and the cases there cited.
It is insisted that the possession of the defendant of the seven acres of land so leased to him was that of his landlord, the prosecutrix, and that such possession extended to and embraced that of the whole tract claimed by her, and therefore the defendant is concluded or estopped to deny the title of the prosecutrix to the land situate beyond and outside of the land embraced by the lease. Such possession did so extend as to the prosecutrix as to wrongdoers, but it did not as to the defendant. He had no possession or right or benefit of possession beyond the boundary of the land leased to him; nor was there any obligation resting upon him arising from the contract of lease, or by implication of law, to hold possession of any land beyond such boundary. There is no reason of policy, nor is there principle or authority that warrants such contention. Lamb v. Swain,48 N.C. 370; Scott v. Elkin, 83 N.C. 424, and the cases last above cited.
The defendant is entitled to a new trial.