It was in evidence that the prosecutor, A. L. Lingle, was the owner of the lands in question and in possession; that defendant was in the employ of the Yadkin Railroad Company, then constructing its railroad from Salisbury to Norwood; that prosecutor's lands were on the line of said railroad; that said railroad company had purchased from prosecutor a right of way one hundred feet wide over its said lands, which had been conveyed to it by deed from prosecutor; that in the construction of its said road, said company had unloaded a lot of cross-ties on the right of way so purchased from prosecutor, to be used in the work of construction farther on; that defendant, as wagon-master of said railroad company and acting under its orders, entered upon the (818) lands of the defendant adjacent to said right of way, and with his teams removed said cross-ties from the right of way so purchased from prosecutor, and in so doing transported them over and across adjacent lands of prosecutor to a point farther on, where they were needed; that when defendant first entered upon said lands he obtained permission from prosecutor's wife, prosecutor being absent; that next day, on prosecutor's return, he went to where defendant was and had some conversation with him about the matter. Prosecutor testified that he forbade defendant from further hauling said cross-ties over his lands, saying, amongst other things: "This won't do," referring to his hauling the cross-ties over his lands. It was further in evidence that after this conversation, and during the same day, defendant continued to haul several loads of cross-ties over and across said lands of prosecutor.
Defendant offered in evidence that he acted in good faith under the order of his superiors in going upon the lands of prosecutor, and that he used the most natural and direct route in so doing.
Among other things not excepted to, his Honor instructed the jury: "The defendant claims that he was acting under a bona fide claim of right, and that, therefore, he could not be properly convicted. In regard to this the court instructs the jury that, taking all the evidence offered by the defendant to be true, this question does not arise. If the defendant went on the prosecutor's land, as he himself testifies, after he was forbidden, he is guilty, so the only question for you to determine, is whether the defendant was, in fact, forbidden to go on the land of the prosecutor, and whether he went after he was forbidden." Defendant excepted.
The court further instructed the jury: "It is not necessary that the word `forbid' should be used. Any other from of expression which means the same thing is sufficient." *Page 590 
There was a verdict of guilty and judgment thereupon, from (819) which defendant appealed.
The defendant was duly charged criminally in the court of a justice of the peace, with having violated the statute (Code, sec. 1120), in that after the prosecutor forbade him to go upon his land, he went upon the same and hauled across the same cross-ties, without a license so to do. He was convicted in that court, and upon appeal he was afterwards likewise convicted in the Superior Court, upon the plea of not guilty. Thereupon he excepted and appealed to this Court.
The defendant insisted that he went upon the prosecutor's land in good faith, believing and claiming that he had the right so to do as the agent of a railroad company named, and therefore he was not guilty. The court held otherwise, and this is assigned as error.
Unquestionably the railroad company had not the shadow of right to go upon the prosecutor's land and transport its cross-ties over the same, and no authority whatever to direct or authorize its agent or servant to do so. The statute (Code, sec. 1120) expressly provides that "if any person, after being forbidden to do so, shall go or enter upon the lands of another without a license therefor, he shall be guilty of a misdemeanor," etc. The defendant is presumed to have knowledge of this statute, and the mere fact that he may have believed honestly that he had the right to go upon the prosecutor's land after he was forbidden to do so, as agent of the railroad company, as the evidence went to prove he did, could not at all excuse him from criminal liability, unless he had reasonable ground for such belief, and there was no evidence (820) from which the jury might so find. S. v. Crawley, 103 N.C. 353.
The court properly instructed the jury, in substance, that, if they believed the evidence, the defendant was guilty. S. v. Bryson,81 N.C. 595.
Affirmed.
Cited: S. v. Glenn, 118 N.C. 1196; S. v. Durham, 121 N.C. 550; S. v.Mallard, 143 N.C. 667. *Page 591