JOHN R. WHEELER v. NORFOLK-CAROLINA TELEGRAPH AND
TELEPHONE COMPANY.

(Filed 13 September, 1916.)

1. **Telephone Companies—Streets—Abutting Owners—Shade Trees—Damages —Municipal Corporations—Title—Sanction.**

The owner of land abutting upon the streets of a town may recover damages for cutting shade trees on the sidewalks in front of his property which afforded protection thereto, in his action against an individual or corporation so mutilating the trees in furtherance of some private interest, though the ultimate title to the streets is in the municipality, and the acts complained of were done with its sanction.

2. **Telephone Companies—Streets—Abutting Owners—Shade Trees—Damages —Punitive Damages.**

Where in an action for damages against a telephone company it is shown that defendant's employees cut shade trees on the sidewalk in front of plaintiff's dwelling in a town; that they had commenced to cut the trees before the owner was aware, and continued to cut after having been forbidden by his wife, claiming permission from the municipal authorities, and replied to the objection of the plaintiff's wife with the statement that they would cut down the trees, if this would be no more objectionable than trimming them: *Held*, sufficient to sustain a verdict awarding punitive damages.

3. **Telephone Companies—Shade Trees—Damages—Torts—Abutting Owner— Title—Possession—Presumptions.**

One who is in possession of a town lot abutting on a street on the sidewalk of which a telephone company has cut the trees to run its wires through, and who asserts ownership of the lot under a deed, may maintain his action against the company as a wrongdoer, nothing else appearing, for as to it such occupant will be presumed to be the owner until the contrary is made to appear. *Daniel v. R. R.*, 158 N. C., 418, cited and distinguished.

CIVIL ACTION tried before *Peebles, J.*, and a jury at September Term, 1915, of CHOWAN.

The action was by abutting owner to recover damages of defendant for wrongfully cutting trees on a sidewalk, which afforded shade and shelter to plaintiff's property.

It was admitted in the pleadings, or there was evidence on part of plaintiff tending to show, that plaintiff occupied a home and lot abutting on Oakum Street in the town of Edenton, N. C., claiming to own same under a deed bearing date in 1893; that in the summer of 1914 two of defendant's employees, acting under defendant's instructions, "mutilated and badly cut some shade trees which plaintiff had planted on the outer edge of the sidewalk, seriously impairing their capacity for shade and for beautifying said lot," etc.; that plaintiff's wife was present forbidding, and, on the question of damages, testified as follows: That the

trees were cut by two linemen of defendant company; that she was at home when they came for that purpose, and seriously objected to the men cutting them, when they told her they had permission from the town councilmen. "But I told them that I was sure they did not, as my husband was one of the councilmen. They then said they had permission from the mayor, and I asked them to wait until I could send for my husband. They refused. I told them that I had as soon the trees were cut down as to be done in that way, and they answered me that they could do that, too."

On cross-examination, Mrs. Wheeler further testified: That when she went out the linemen were already up the trees and had already cut out a large limb from one of the trees, "and after I asked him not to, he cut off one of the largest limbs and other of the smaller branches. I asked them to wait until my husband came."

J. R. Wheeler testified: That the said trees were badly cut, and that the damage to the property was large; that these trees were upon the west side of the house, and that without them he had no shade, and that the cutting and mutilation done by the defendant largely destroyed his shade.

The evidence on the part of the defendant tended to show that the trees were small, and the cutting had not sensibly impaired the value of the trees, and, further, that the linemen only cut limbs they had already started to cut when plaintiff's wife appeared, and that their manner on the occasion was polite and quiet.

The jury rendered the following verdict:

1. Was plaintiff the owner of the house and lot described in complaint at time of the alleged injury? A. "Yes."

2. Did the defendant trespass upon said property, as alleged? A. "Yes."

3. What actual or compensatory damages, if any, has plaintiff sustained? A. "$150."

4. What punitive damage, if any, is plaintiff entitled to recover of the defendant? A. "$50."

Judgment on the verdict for plaintiff, and defendant excepted and appealed, assigning for error chiefly the refusal of defendant's motion to nonsuit and allowing recovery for punitive damages.

*No counsel for plaintiff.*
*P. W. McMullan for defendant.*

HOKE, J. Our cases hold that an abutting owner may recover damages for cutting shade trees on the sidewalk, which afford protection to his property, where such cutting is done in furtherance of some private interest, individual or corporate; and this though the act complained of may have been sanctioned by the municipal authority. *Moore v. Power Co.,*

163 N. C., 300; *Brown v. Electric Co.,* 138 N. C., 535. Referring to these cases and the position they uphold, in *Wood v. Land Co.,* 163 N. C., at p. 371, the Court said: "That case, *Brown v. Electric Co.,* was made to rest chiefly on the position that, notwithstanding a previous dedication and use as a public street, an abutting owner continued to have a proprietary interest in a shade tree standing on or near his sidewalk and affording shade and shelter to his lot which the law would protect and which could not be taken from him without compensation except when required by the public interests."

It is also held here, and by well considered cases elsewhere, that the principle is not affected by the fact that the ultimate title to the streets is in the municipality. *Moore v. Power Co., supra; Donahue v. Keystone Gas Co.,* 181 N. Y., 313; *Norman Milling Co. v. Bethurem,* 41 Ark., 735, reported also in L. R. A., N. S., p. 1082. And, on the facts of the present case, authority is to the effect, further, that punitive damages may be awarded (*Carmichael v. Telephone Co.,* 157 N. C., 21; *Williams v. R. R.,* 144 N. C., 498; *Brown v. Electric Co.,* 138 N. C., 535); such damages, when permissible, and the amount, being properly referred to the jury for decision. *Billings v. Observer Co.,* 150 N. C., 540.

It was further insisted for defendant that the motion for nonsuit should have been allowed, for the reason that the injury complained of was to the freehold and no title in plaintiff had been shown, citing *Daniel v. R. R.,* 158 N. C., 418.

It is not at all clear that the damage complained of in this case is entirely to the freehold; but if this be conceded, we are of opinion that defendant's motion to nonsuit on this ground was properly denied. It is the recognized position in this State that an action of this character may be maintained by one who shows that he is in peaceable possession of the property at the time of the alleged trespass, and we think it a proper deduction from the cases on the subject that one in possession, claiming title, and particularly when in the assertion of ownership under a deed, may, as against a wrong-doer, and nothing else appearing, recover the entire damage done, for, as to him, the occupant is presumed to be the owner until the contrary is made to appear. *Frisbee v. Marshall,* 122 N. C., 760; *Nelson v. Ins. Co.,* 120 N. C., 302; *Gwaltney v. Lumber Co.,* 115 N. C., 579; *Aycock v. R. R.,* 89 N. C., 321; *Lamb v. Swain,* 48 N. C., 370. In the last case the headnote is: "The claimant of a tract of land under color of title who puts a servant in a house situated upon it with the privilege of getting firewood is in possession of the whole tract as against a wrong-doer, and can maintain an action against one who enters and cuts timber on the woodland." And in *Nelson v. Ins. Co.* it was held, among other things: "The possession of land under a deed apparently good and sufficient, properly acknowledged and recorded, and unim-

peached, is sufficient evidence of title; and where such facts appeared on the trial of an issue as to whether plaintiff was the owner of certain property it was not error to instruct the jury that, if they believed the evidence, they should answer in the affirmative."

The statement in *Daniel v. R. R.,* relied upon by counsel, to the effect that for injuries to the freehold only the owner can recover, was made in reference to a proposition where all of the relevant facts were disclosed and it affirmatively appeared that the original owner and claimant had conveyed the title, and, so understood, the position is undoubtedly correct, but it was not intended by the learned judge to trench upon or impair the wholesome doctrine that one in the peaceable possession of property, as against a wrong-doer, and assuredly so when the possession has been maintained, is presumed to be the owner until the contrary appears, and is not put to the expense and trouble of always establishing his title against any and every one who may have wrongfully and temporarily trespassed upon him. Speaking to the position in *Myrick v. Bishop,* 8 N. C., pp. 485-486, *Henderson, J.,* said: "Possession alone is sufficient to maintain trespass against a wrong-doer. . . . . And it is consistent with first principles, and, in fact, it would be strange if it were not so, for wretched would be the policy which required the title to be shown in every instance where the peaceable possession was disturbed by the intruder, who had no right," etc.

There is no error, and the judgment for plaintiff must be affirmed.

No error.