C. C. MULL AND WIFE, M. L. MULL, v. LOUISVILLE AND NASHVILLE RAILROAD COMPANY.

(Filed 28 May, 1918.)

**Demurrer—Pleadings—Parties—Misjoinder—Fires—Railroads.**

Where the owner of the equitable title to lands in possession thereof sues to recover damages thereto for the negligent burning thereof by the defendant railroad company, and alleges in the complaint ownership and possession, an amendment setting out his equitable ownership and making the holder of the legal title a party defendant is not objectionable for misjoinder of parties and causes of action; and where no answer is filed by the new party, and the trust is not denied, the defendant cannot be heard to complain.

ACTION, tried before *Shaw, J.,* at November Term, 1917, of CHERO-KEE, upon these issues:

1. Is the plaintiff M. L. Mull the beneficial owner of the land described in the complaint, as alleged in the complaint? Answer: "Yes."

2. Was said land burned and injured by reason of the negligence of the defendant, as alleged in the complaint? Answer: "Yes."

3. What damage, if any, is the plaintiff M. L. Mull entitled to recover of the defendant L. and N. R. R. Co. by reason of said injury? Answer: "$300."

From the judgment rendered, defendant railroad company appealed.

*Witherspoon & Witherspoon for plaintiff.*
*Marshall W. Bell for defendant railroad company.*

BROWN, J. The assignments of error relate exclusively to the ruling of the court overruling a demurrer interposed to an amended complaint. The original complaint alleged that the *feme* plaintiff was the owner and in possession of the land alleged to have been burned by the negligence of the defendant company. This allegation was denied.

The plaintiff was allowed to file an amended complaint setting out her title, and also to make S. W. Lovingood a party defendant. The amended complaint sets out facts which show that the legal title to the land is in S. W. Lovingood, but that the equitable title as well as the actual possession is in *feme* plaintiff.

The defendant company demurred for misjoinder of parties and misjoinder of causes of action. The defendant Lovingood filed no answer. We think the demurrer was properly overruled.

The purpose of the action was to recover damages for negligently burning plaintiff's land. The title to it was put in issue by the answer.

It was proper to amend the complaint by setting out the equitable title of plaintiff, as well as to make Lovingood, who held the legal title in trust for her, a defendant.

No answer was filed by Lovingood and the trust was not denied. The plaintiff had a right to recover upon the strength of her equitable title, and it was the better practice to set it out in the complaint. *Geer v. Geer,* 109 N. C., 680; *Murray v. Blackledge,* 71 N. C., 492; *Skinner v. Terry,* 134 N. C., 305; *Farmer v. Daniel,* 82 N. C., 152.

The defendant company cannot be heard to complain because Lovingood was made a defendant, as he filed no answer, raised no issue, and is bound by the judgment for damages against defendant company.

Affirmed.