M. L. MATTHEWS AND SANFORD SASH & BLIND COMPANY v. JAMES LUMBER COMPANY.

(Filed 30 April, 1924.)

**Fires—Trespass—Damages—Title—Vendor and Purchaser.**

It is not required that the purchaser of land should have acquired at least the equitable title before the injury, to maintain his action against his vendor for negligently setting fire to the land, which trespass continued after he had acquired the title; and an instruction that he could not recover in his action unless he were at least the equitable owner at the time of the origin of the fire, is reversible error.

APPEAL by plaintiff, M. L. Matthews, from *Daniels, J.,* at September Term, 1923, of LEE.

Civil action to recover damages for an alleged negligent burning and injury to plaintiff's lands and timber.

From a verdict and judgment in favor of defendant, the plaintiff appeals, assigning errors.

*Hoyle & Hoyle and Gavin & Jackson for plaintiff.*
*Little & Barnes for defendant.*

STACY, J. It appears that at the time the plaintiff contracted to purchase the land in question, consisting of some 505 acres, more or less, the fire of which he complains was then out and had already burned over about ten acres of the sparsely timbered portion thereof, but the major part of the damages was sustained after the plaintiff became the equitable owner of the land. The trial court instructed the jury that the plaintiff could not recover unless he were at least the equitable owner of the land at the time the fire originated or when it was first put out by the negligent act of the defendant; and this upon the theory that "the law will not permit the plaintiff to buy a flaming lawsuit." In this we think there was error.

Where the trespass of the defendant is continuous in character, as it is here, and has not ceased at the time the plaintiff acquired the property, the latter may maintain an action for the injury which he sustains, even though the defendant began his wrongdoing prior to the conveyance of the property to the plaintiff. 26 R. C. L., 958; *Mull v. R. R.,* 175 N. C., 593; *Wheeler v. Tel. Co.,* 172 N. C., 9.

Speaking to a similar question in *Daniels v. R. R.,* 158 N. C., p. 428, *Allen, J.,* said: "The plaintiff, L. G. Daniels, may recover damages for trespass committed prior to 17 December, 1908, the date of his deed, and the improvement company may recover for trespass after that time." See, also, C. S., 446, which provides, among other things, that "every action must be prosecuted in the name of the real party in interest, except as otherwise provided; but this section does not authorize the assignment of a thing in action not arising out of contract."

For the error, as indicated, there must be a new trial, and it is so ordered.

New trial.