Ruffin, Chief Justice.
 

 Although -we do not find it stated by writers on the criminal law, yet it has been decided in this,state in
 
 Trexler’s Case,
 
 2 Car. Law Repos. 94, and other cases, that the forcible taking of chattels
 
 *268
 
 from the owner is per
 
 se
 
 indictable as a trespass, without laying an assault or other breach of the peace. The Court consequently held, in
 
 The State
 
 v.
 
 Mills,
 
 2 Dev. 420, that an actual breach of the peace was not necessary to render suc*1 a tresPass a crime.' But we held at the same time, that to constitute it a public offence, it must appear to involve.a breach of the peace, or manifestly and directly tend to it: and therefore, that at the least, the taking must be in the presence of the owner,' to his terror, or against his will. The Court is unwilling to extend the principle which has been adopted, and which must as yet ca-hed new > or t0 weaken the limitation upon it which has just been mentioned, and was also acted on in the case of
 
 M‘Dowell and
 
 Gray, 1 Hawks, 449. A further . . ... relaxation would render it difficult to discriminate between a tresPass ancl a criminal one.
 

 A to be in-musUn-b°1V6h f the peace, or mam-festly tend to it; and ftrebehT" the pres-■owner,1to”* his terror,
 

 Guided by previous adjudications, we are not, there* fore, dissatisfied with the finding of the jury; and we approve the refusal of the Court to set'the verdict aside. If the indictment need not charge a breach of the peace, it may, of course, be maintained by evidence which does not prove one. In this case, the evidence not only established the presence of the prosecutor, but the taking the horse from his corporal custody, and preventing the prosecutor from removing the horse, by threats of serious personal injury, and an attempt to commit it.
 

 The indictment, however, does not allege a single one of those facts, nor any ’other from which either of them can be inferred. It merely lays the possession of the horse in the prosecutor, and charges, that the defendant took him out of the possession of him the said A. B. H. This might be equally true, if the prosecutor were absent, since the owner is constructively in possession ; and it was held in
 
 Mills’s Case,
 
 that neither such a possession, nor
 
 “
 
 strong hand,” import the requisite force; but that there must be other words to show the personal presence of the possessor, or in the language used in the case of
 
 M‘Dowell and Gray,
 
 to show
 
 “
 
 a violent taking from the
 
 actual
 
 possession of the person at the time.”
 

 
 *269
 
 •Hence, in the opinion of the Court, the judgment was properly arrested.
 

 Per Curiam* Judgment affirmed.