Nash, J.
 

 We see no error in the judgment of the Court below. At the common law no trespass to chattels was an indictable offence, without a breach of the peace. Not that an actual breach must be committed, but something more must be 'done than what amounts to a m.ere civil trespass, expressed by the terms
 
 vi ét armis.
 
 The peace must be actually broken or the act complained of must directly and manifestly tend to it, as being done in the presence'of the owner, to his terror or against his will. In the case of Mills
 
 2 Dev. 420,
 
 the Court in their opinion use the expression “in the presence of the party” &c. It is manifest the-owner is meant, for in the succeeding sentence they say “ where they neither put the owner in fear nor provoke him to an- im'mediate redress of his wrongs, nor excite him to protect the possession of his chattels, by personal prowess — and none of these can happen in the absence of the owner and his family — the trespass is not indictable'” The special verdict shows, that James Perry and wife were absent in the field at work, and it does'not show that any member of his family was present.
 
 State
 
 v.
 
 Flowers
 
 and
 
 Hampton, 2
 
 Murphy 225.
 

 Per Curta?,i.
 

 Judgment affirmed.