## STATE v. RUFUS HOVIS.

### *Indictment -- Removing fence, &c.*

Where A claimed title to a cultivated field in possession of B and removed the fence therefrom ; *Held*, to be indictable. (Bat. Rev. ch. 32, § 93.)

*(State* v. *Graves* 74 N. C. 396, and *Swepson* v. *Summey, Ibid,* 551, cited and approved.)

INDICTMENT under the Statute (Bat. Rev. ch. 32, § 93,) for removing a fence surrounding a cultivated field, tried at Fall Term, 1876, of LINCOLN Superior Court, before *Schenck, J.*

It appeared that the prosecutor owned a store near Ore Bank in Lincoln County and a small parcel of land adjoining, which he had in cultivation. He was in possession in 1875 and continued therein until April 1876, when the defendant pulled down the fence and hauled away the rails. It further appeared that about six years before this occurrence, the defendant fenced and cultivated said land, under a lease for 99 years, which lease was not registered.

Under the instructions of His Honor, the jury rendered a verdict of guilty. Judgment. Appeal by defendant.

*Attorney General,* for the State.
No counsel, for the defendant.

FAIRCLOTH, J. It was decided in *State* v. *Graves,* 74 N. C. 396, that rails made into a fence are real property and that removing them would not be a forcible trespass on personalty nor larceny at common law. This principle however does not affect the present case, as the offence charged is embraced by the express terms of § 93, ch. 32, Battle's Revisal.

The prosecutor was in the actual quiet possession of the fence around his field in cultivation and had been for more than a year when the defendant pulled it down. This possession could not be disturbed by any adverse claimant in this "short hand" way, because it would, in most cases, lead to some other and more serious breach of the peace and good order of society.

If the defendant has a better title than the prosecutor to the premises or to the possession thereof, he can assert it by due course of law, but he cannot do so by violating the criminal law of the State. No error is assigned by the defendant and we see none upon the record. In such cases the judgment must be affirmed. *Swepson* v. *Summey* 74 N. C. 551. There is no error.

Let this be certified, to the end that further proceedings may be had according to law.

PER CURIAM.                    Judgment affirmed.