STATE v. JOHN F. BRYSON.

*Trespass on Land—Evidence—Title—Judge's Charge.*

1. On the trial of an indictment under Bat. Rev., ch. 32, § 116, for a trespass on land, the defendant cannot claim an acquittal on the ground that he *believed* he had a right to enter after being forbidden. To constitute a valid defence, there must be proof of a claim of title, or facts shown upon which he could reasonably and *bona fide* believe he had the right.

2. Where the prosecutor in such case sold a field to the lessor of defendant and permitted the use of a way for three years over his land to the field, which was being cultivated by defendant, and withdrew such permission by notice forbidding further entry, there being another way over the lessor's land which adjoined a public road, though of greater distance to said field, *it was held*, not to be error in the judge to refuse to submit to the jury as a question of fact, the *belief* of the defendant that he had license to enter after forbiddance.

(*State* v. *Hanks*, 66 N. C., 612 ; *State* v. *Ellen*, 68 N. C., 281 ; *State* v. *Hause*, 71 N. C., 518, cited, distinguished and approved.)

INDICTMENT for a Misdemeanor under Bat. Rev., ch. 32, § 116, tried at Spring Term, 1879, of JACKSON Superior Court, before *Gudger, J.*

The bill charged the defendant with entering upon the land of E. C. Chastain, after being forbidden to do so. The evidence was that the defendant in the summer of 1877,

was cultivating the land of Nathan Coward, which adjoined the lands of Chastain, the prosecuting witness, and that he was in the habit of going through a part of witness' farm to get to Coward's land, and continued doing so after being forbidden by Chastian.   On cross-examination the witness stated that he formerly owned the land which the defendant was cultivating, and had sold it to Coward.   He also stated that he had notified defendant that he did not allow Coward or any of his tenants to pass through his field, and that about fifty yards distant was a cart-way on Coward's land which his tenants traveled, and leading from a public road to defendant's field.   Coward testified that he had usually passed over Chastain's land to get to the tract purchased of him, about three years ago, and rented to defendant; that Chastain's land cut him off from the public road for a distance of seventy-five yards, and that to go through Chastain's field the defendant would have to travel about two hundred yards, but to get out otherwise he would have to go through two other farms and at a distance of about two miles, except by a ford which was said to be impassable. It was also in evidence that the defendant hauled his corn through the prosecutor's field after being forbidden to do so, to obviate the necessity of building a bridge over said ford.

The defendant asked the court to charge the jury upon the authority of *State* v. *Hause*, 71 N. C., 518, " that if defendant believed he had the right to enter or travel over the prosecutor's land because he and the former owners and tenants of the land had done so for some ten or eighteen years, he would not be guilty."   The court declined to give the instruction on the ground it was not applicable to the facts of this case, but told the jury if they found that Coward's land joined the public road, the defendant should have entered the field through Coward's land, and if defendant entered the same through the prosecutor's land after being

forbidden, he would be guilty. Defendant excepted. Verdict of guilty, judgment, appeal by the defendant.

*Attorney General*, for the State.
No counsel in this court for the defendant.

DILLARD, J. This was an indictment against the defendant under chapter 32, section 116, of Battle's Revisal, for entering and passing through a field of one Chastain, the prosecutor, after being forbidden to do so.

To constitute the offence intended to be punished by the statute under which the bill of indictment was framed, there must be an entry on land after being forbidden; and such entry must be wilful, and not from ignorance, accident, or under a *bona fide* claim of right or,license. *State* v. *Hanks,* 66 N. C., 612; *State* v. *Ellen,* 68 N. C., 281; *State* v. *Hause,* 71 N. C., 518.

The constituents of the offence we find in this case, on examination of the testimony set out in the case of appeal, to be as follows: Defendant entered upon and passed through the field of the prosecutor after being forbidden, and he did so wilfully and without a claim to the land on which the trespass was committed, or a claim of a right of way, or license therein by grant or prescription. And so, the defendant had nothing to excuse him or screen him from conviction, unless *his belief* that he had the right or license of way under the circumstances specified in the terms of the instruction refused took away guilt and authorized his acquittal.

The charge requested was that if the jury should find that defendant believed he had a right to enter or travel over the prosecutor's land, because he and the former owner and tenants had done so for some ten or eighteen years, he would not be guilty; and the case of appeal states that the request was made on the authority of *State* v. *Hause,* 71 N. C., 518;

but His Honor refused to charge as requested, and in lieu thereof charged that if the lands of Coward under whom defendant was lessee, adjoined a public road, the defendant should have entered his field through Coward's land, and if he did not do so, but entered the same through the field of the prosecutor, he would be guilty.

We concur with His Honor that *Hause's case* is not like the present in its facts, and did not authorize the instruction requested by the defendant. In *Hause's case*, a road led from his land across a narrow strip of the prosecutor's land to a public road, which was opened some fifteen or sixteen years before, and had been used by the defendant and prior owners and occupants of his land, until notified a short time before the finding of the indictment; and it was proved that defendant and former owners and occupants had been accustomed to cross the said strip at different points for more than thirty years without any objection from the prosecutor; and it was held that Hause might have *bona fide* had the belief, and acted on it; that the user for so long a time had clothed him with a right or license to travel over the land; and if so, there would be wanting an essential to the offence, and the defendant would not be guilty under the statute. But in this case the facts were far otherwise: The field cultivated by defendant at the time of the trespass, together with the field or enclosure trespassed upon, had both been the property of the prosecutor, and used and occupied by him and his tenants and servants, passing to and from the field of the defendant, through the field trespassed upon, at pleasure, up to the sale to Coward whose tenant the defendant is, which was about three years before the trial of this cause in the court below; and that the only user of this way through the prosecutor's enclosed grounds by Coward and the defendant claiming under him, was since the sale under notice just before the beginning of this prosecution.

Upon the facts in *Hause's case*, the claim of a license by

presumption of a grant from the length of the user by the defendant and former owners of the same land, may not in law have been well founded. But it was such that defendant might thereupon reasonably and *bona fide* claim a right of way, or license to pass and repass. And therefore in such case it was material to inquire into the existence of such belief on the part of the supposed trespasser, and to submit it as a question of fact to the jury, with instructions to convict or acquit as they might find the fact to be.

In this case the entire lands, including the field cultivated by defendant, had been the property of the prosecutor until the sale to Coward about three years before the trial. There had been no user of the way through the prosecutor's field by defendant or Coward, except for this short period of time, and that was permissive rather than as of right. When the permission was withdrawn by notice to defendant, there was no fact or facts on which defendant could claim a right by presumption, by way of adverse user, against the prosecutor, or on the foundation of which he could reasonably and *bona fide* believe he had a license to pass through the prosecutor's field.

The defendant however claimed that he *believed* he had a license notwithstanding the forbiddance of the prosecutor, and he desired of the court to submit such his belief as a question of fact to the jury, with instruction to acquit if found to be true. If a party be indicted for a trespass on land, and in the proof there be no evidence of a claim of title, or such facts and circumstances upon which he could reasonably and *bona fide* believe he had a right to do what he did, the court will not submit an inquiry to the jury as to a mere abstraction, and therefore we hold there was no error in the refusal to charge the jury as requested, and none in the charge as given. Let this be certified, to the end that the law be executed.

PER CURIAM. No error.