STATE v. M. A. LAWSON.

*Landlord and Tenant— Wilful Trespass.*

1. A tenant in possession may exercise any lawful control over the land embraced within his lease, in the absence of an agreement restricting him, and the landlord has no power to interfere with such right.

2. Where the defendant had been forbidden by the landlord to enter upon land belonging to the latter, subsequently did enter upon a part in the possession of a tenant upon the invitation of the tenant: *Held*, that he was not guilty of a wilful trespass.

INDICTMENT, for trespassing on land after being forbidden to do so and without license therefor, under § 1120 of *The Code*, tried before *Clark, J.,* at Spring Term, 1888, of the Superior Court of STOKES County.

J. W. Thomas, the prosecutor, testified " that some time in February, 1887, he forbid the defendant from going on his land, and the defendant agreed in writing to stay off said land." Pylandus Nelson testified for the State " that he was a tenant of J. W. Thomas, and that some time in May, 1877, he was working in his field when the defendant called to him to come to him, that he wanted to see him; that he then invited the defendant to come into the field, and the defendant then came to the fence, seven or eight feet over on the Thomas land, talked to him about what he wanted to see him on, and went away. This was six months before the finding of the bill in the Superior Court."

The defendant introduced no evidence, and asked the Court to charge the jury " that Nelson being a tenant on Thomas' land, if he invited and permitted the defendant to enter on the lands cultivated by him, though belonging to Thomas, the defendant would not be guilty." The Court declined to give this instruction, but charged the jury " that if the

defendant knew where the line was, and intentionally, not accidentally, entered on prosecutor's land, after being forbidden, he would be guilty, unless he had license to enter, and that the invitation or permission of the tenant would not protect him, the tenant's authority being subservient to the higher authority of the landlord."

There was a verdict of guilty, judgment, and appeal.

*The Attorney General,* for the State.
*Mr. R. B. Glenn,* for the defendant.

DAVIS, J. (after stating the case.) It was manifestly the purpose of the act under which the defendant was indicted to keep off intruders and to prevent wilful and unlawful trespasses upon land and to subject persons, who might so wilfully trespass after being forbidden to indictment for so doing, but, as was said in *State* v. *Hause,* 71 N. C., 518, " when the statute affixed to such a trespass the consequences of a criminal offence, we will not presume that the Legislature intended to punish criminally acts committed in ignorance, by accident, or under claim of right, and in the *bona fide* belief that the land is the property of the trespasser, unless the terms of the statute forbid any other construction." Even conceding that the possession of the tenant was not such as gave to him authority to invite the defendant to come upon the land, the facts show conclusively that he went only upon that invitation, and this excludes the idea of such wilful trespass as is contemplated by the statute. But we think that the tenant being in possession had the right, in the absence of any evidence to show that there were restrictions upon his tenancy to the contrary, to invite such persons as his business interest or pleasure might suggest, to come upon the premises so in his possession for any lawful purpose. The possession was rightfully his, and in the absence of any restrictions upon his tenancy he had the right

to control the possession for any lawful purpose. If he or his family were sick might he not send for a physician, and if forbidden by the landlord would such physician be liable to an indictment for going on the premises to attend a patient?

No such invitation would protect a person from liability for a wilful and malicious trespass to the injury of the landlord if committed under the fraudulent pretence of such invitation. The evidence in this case shows no purpose to commit such a trespass, and there is error. *State* v. *Hanks,* 66 N. C., 612; *State* v. *Crossett,* 81 N. C., 579; *State* v. *Ellis,* 97 N. C., 447; *State* v. *Smith,* 100 N. C., 466.

Error.