## STATE v. WILL. CRAWLEY.

*Entry upon Land After Being Forbidden—The Code,* § 1120.

1. Upon the trial of an indictment, under *The Code,* §1120, the defend-
   ant can show that he went upon the land in good faith, claiming
   or having title thereto.   But such claim will not protect him
   unless he establishes title, or satisfies the jury that he made claim
   in good faith, and had reasonable ground to believe that his claim
   was well founded.   A mere *belief* that he had a valid claim will
   not do.

2. The above does not apply in cases of indictment for forcible entry or
   forcible trespass.

INDICTMENT, under *The Code,* § 1120, tried before *Armfield,*
*J.,* at Spring Term, 1889, of BURKE Superior Court.

The defendant was arrested upon a criminal warrant, and
convicted before a Justice of the Peace of the offence of
having unlawfully and wilfully entered upon the land of
the prosecutrix, after having been forbidden by her so to do,
and without a license, in violation of the statute (*The Code,*
§ 1120).   Thereupon, he appealed to the Superior Court,
and there pleaded formally not guilty.   There was a verdict
of guilty, and judgment thereupon. against him, and he
having excepted, appealed to this Court.

*The Attorney General,* for the State.
*Mr. T. J. Erwin* (by brief), for the defendant

MERRIMON, J. (after stating the facts).   On the trial, the
evidence produced by the State tended strongly to prove the
defendant's guilt.   He "claimed to enter under a *bona fide*
claim of right and title, and offered to show title to the land
in himself, which the Court excluded," and among other

103—23

things not necessary to be reported here, it said to the jury, "that even if there was a parol license (which prosecutrix denied), it could be revoked, and defendant could not justify under it, and after being forbidden, if the defendant had entered inside of the field of the prosecutrix, that she had held in actual possession and cultivation for thirteen years or more, and committed the acts testified to, he would be guilty ; that if defendant had a *bona fide* claim of title, he was put to his civil action to assert it, and could not justify an attempt to assert it in this way." This is assigned as error.

If this were a prosecution for forcible entry, or forcible trespass on land, in that case the question of force, without regard to the claim of right or title to the land by the defendant, would become material, and it may be that the evidence produced on the trial would warrant a verdict of guilty. But the defendant is charged with a very different offence—that of simply going or entering upon the land of the prosecutrix after she had forbidden him, and without a license from her so to do, in violation of the statute ( *The Code*, § 1120) which makes such act a misdemeanor.

Just after the close of the late civil war, it became a common grievance to the owners of land—and it still prevails to some extent—that idle, roving, aimless people, for purposes of mischief, and not infrequently other classes of people for purposes of sport, would go or enter, without force or the display of force, upon their lands, and do mischief, greatly to their annoyance, and sometimes to their substantial injury, leaving them remediless. The purpose of the statute—first enacted in 1866—was to suppress such mischief and grievance. It was no part of its purpose to prevent any person, who has an honest claim or title to land, from going or entering upon and taking possession of it peaceably and quietly, when and if he could do so. It was not intended to apply when force was employed in going upon the land. That case had already been provided against. This Court

has repeatedly and uniformly so, in effect, interpreted the statute's meaning.    State v. *Crosset,* 81 N. C., 579; *State* v. *Winslow,* 95 N. C., 649, and the cases there cited.

The defendant, therefore, had the right to prove, if he could, that he went upon the land in good faith, claiming to have, or having title thereto, and the Court erred in refusing to allow him to produce evidence for that purpose. But such claim would not avail him, unless he should satisfy the jury, in the absence of title, that he made it in good faith, and he had reasonable ground to believe that his claim was well founded. A mere *belief* on his part that he had such claim would not be sufficient—he was bound to prove that he had reasonable ground for such belief, and the jury should so find under proper instructions from the Court. *State* v. *Bryson,* 81 N. C., 595.

The evidence went to prove that the defendant entered upon and took possession of the land by force. If he did so, then he ought to have been indicted for such forcible entry. *State* v. *Bryan,* decided at this term.

There is error. Let this opinion be certified to the Superior Court according to law.

Error.                                  *Venire de novo.*