THE STATE v. WILLIAM FISHER.

*Trespass—Evidence.*

Defendant, the servant of a railroad company, after being forbidden, went with his wagons and teams upon the lands of the prosecutor for the purpose of depositing materials necessary for the construction of the road: *Held*, that the fact that the railroad company had purchased from the prosecutor a right-of-way for one hundred feet on each side of its track, did not give it a right to enter on the lands beyond the right-of-way, and was no evidence of a reasonable belief on the part of defendant that he had a right to make such entry.

This was a CRIMINAL ACTION for violation of section 1120 of *The Code*, tried before *Graves, J.*, at February Term, 1891, of ROWAN Superior Court, on defendant's appeal from a Justice of the Peace.

It was in evidence that the prosecutor A. L. Lingle was the owner of the lands in question and in possession ; that defendant was in the employ of the Yadkin Railroad Company, then constructing its railroad from Salisbury to Norwood ; that prosecutor's lands were on the line of said railroad ; that said railroad company had purchased from prosecutor a right-of-way one hundred feet wide over his said lands, which had been conveyed to it by deed from prosecutor; that in the construction of its said road, said company had unloaded a lot of cross-ties on the right-of-way so purchased from prosecutor, to be used in the work of construction further on ; that

109 — 52

defendant, as wagon-master of said railroad company and acting under its orders, entered upon the lands of defendant adjacent to said right-of-way, and with his teams removed said cross-ties from the right-of-way so purchased from prosecutor, and in so doing transported them over and across adjacent lands of prosecutor to a point further on, where they were needed; that when defendant first entered upon said lands he obtained permission from prosecutor's wife, prosecutor being absent; that next day, on prosecutor's return, he went to where defendant was and had some conversation with him about the matter. Prosecutor testified that he forbade defendant from further hauling said cross ties over his lands, saying, amongst other things, "This won't do," referring to his hauling the cross-ties over his lands. It was further in evidence that after this conversation, and during the same day, defendant continued to haul several loads of crossties over and across said lands of prosecutor.

Defendant offered in evidence that he acted in good faith under the orders of his superior in going upon the lands of prosecutor, and that he used the most natural and direct route in so doing.

Among other things not excepted to, his Honor instructed the jury: "The defendant claims that he was acting under a *bona fide* claim of right, and that, therefore, he could not be properly convicted. In regard to this the Court instructs the jury that, taking all the evidence offered by the defendant to be true, this question does not arise. If the defendant went on the prosecutor's land, as he himself testifies, after he was forbidden, he is guilty, so the only question for you to determine, is whether the defendant was, in fact, forbidden to go on the land of the prosecutor, and whether he went after he was forbidden." Defendant excepted.

The Court further instructed the jury: "It is not necessary that the word 'forbid' should be used. Any other form of expression which means the same thing is sufficient."

There was a verdict of guilty and judgment thereupon, from which defendant appealed.

The defendant was duly charged criminally in the Court of a Justice of the Peace, with having violated the statute (*The Code*, § 1120), in that after the prosecutor forbade him to go upon his land, he went upon the same and hauled across the same cross-ties, without a license so to do. He was convicted in that Court, and upon appeal he was afterwards likewise convicted in the Superior Court, upon the plea of not guilty. Thereupon he excepted and appealed to this Court.

*The Attorney General*, for the State.
No counsel for defendant.

MERRIMON, C. J.: The defendant insisted that he went upon the prosecutor's land in good faith, believing and claiming that he had the right to do so as the agent of a railroad company named, and therefore he was not guilty. The Court held otherwise, and this is assigned as error.

Unquestionably the railroad company had not the shadow of right to go upon the prosecutor's land and transport its cross-ties over the same, and no authority whatever to direct or authorize its agent or servant to do so. The statute (*The Code*, § 1120) expressly provides that "if any person, after being forbidden to do so, shall go or enter upon the lands of another without a license therefor, he shall be guilty of a misdemeanor," etc. The defendant is presumed to have knowledge of this statute, and the mere fact that he may have believed honestly that he had the right to go upon the prosecutor's land after he was forbidden to do so, as agent of the railroad company, as the evidence went to prove he did, could not at all excuse him from criminal liability, unless he had reasonable ground for such belief, and there

was no evidence from which the jury might so find.  *State*
v. *Crawley,* 103 N. C., 353.

    The Court properly instructed the jury, in substance, that,
if they believed the evidence, the defendant was guilty.  *State*
v. *Bryson,* 81 N. C., 595.

                                                    Affirmed.