STATE v. JOHN GLENN.

*Indictment for Wilful Trespass on Land—Code, Section 1120—Burden of Proof—Bona Fide Claim of Right—Reasonable Belief—Harmless Error.*

1. In an indictment under Section 1120 of *The Code* for entering upon land after being forbidden, it is incumbent on the State to prove such entry, but it is upon the defendant to show, by way of defense, that he entered under a license from the owner or a *bona fide* claim of right.

2. In the trial of an indictment for willful trespass on land, the defendant must show that he not only entered under a belief in his right to enter but that he had reasonable grounds for such belief. Such defense must be proved not beyond a reasonable doubt but only to the satisfaction of the jury.

3. Where, in the trial of an indictment for willful trespass on land, there was no evidence that the defendant had reasonable ground for his belief in his right to enter, an instruction to the jury that such defense must be proved beyond a reasonable ground is harmless error.

4. One who enters land after being forbidden, pending an appeal from an adverse adjudication upon his title to the land, can have no reasonable ground for believing that he has a right to so enter and his entry subjects him to the penalties of Section 1120 of *The Code*.

INDICTMENT, under Section 1120 of *The Code*, for willful trespass on land after being forbidden, tried, on appeal from a justice of the peace, before *Starbuck, J.*, and a jury, at January Term, 1895, of WAKE Superior Court.

The defendant was convicted and appealed. The facts sufficiently appear in the opinion of Associate Justice CLARK.

*The Attorney General* and *Mr. T. P. Devereux*, for the State.

*Messrs. T. R. Purnell* and *J. C. L. Harris*, for defendant (appellant).

CLARK, J. :   It was incumbent upon the State to prove that the defendant (indicted· under *The Code*, Sec. 1120,) had entered upon the land after being forbidden so to do. It devolved upon the defendant to show by way of defense that he entered under a license or a *bona fide* claim of right, since those are matters peculiarly within his knowl-edge. The license referred to is not a license from the owner, as that is negatived by the allegation that the defendant was forbidden to enter, but it is the license from some justice, mentioned in the proviso to Section 1120. This license, like the license to sell liquor on the trial of an indictment for retailing without license, is a matter of defense, and it is incumbent upon the defendant to show it. The State is not called on to prove the negative. *State* v. *Morrison*, 14 N. C., 299; *State* v. *Emry*, 98 N. C., 668. It devolved upon the defendant to prove in defense, not merely a *belief* that he had a *bona fide* right to enter, but he " was bound to prove that he had reasonable ground for such belief." *State* v. *Bryson*, 81 N. C., 595 ; *State* v. *Crawley*, 103 N. C., 353.

In the present case it was in evidence that the title to the premises had been decided adversely to the defendant in the superior court (which judgment on appeal here was affirmed,) and that the entry was made by the defendant after such adverse decision below and pending the appeal to this Court.  In the face of an adverse decision in the superior court, the defendant had no right to take the law into his own hands and make an entry on the land in controversy.  The defendant introduced no evidence even of his belief of his right to enter.  However reasonable or unreasonable might be his grounds for a belief that the superior court was in error in adjudging the title to the premises against him, he had no reasonable ground of a.

belief that he had a " right to enter " after such judgment, until reversed.

There being no evidence of reasonable ground for such belief, " the court properly instructed the jury in substance, that if they believed the evidence the defendant was guilty." *State* v. *Fisher*, 109 N. C., 817.

No Error.