On the trial J. R. Young testified that he was the owner and in possession of the land, near Henderson, upon which the trespass was made; that he directed his tenant to notify defendant not to trespass on the premises; that there was a fence, composed of two or three strands of wire, across that part of the land where the trespass was committed — put up in 1887 or 1888; that the fence was taken down and pushed to one side and brush thrown out and a road made across the land and horses and vehicles drove across. On cross-examination he stated that he had heard that formerly and before he owned the land a road ran across the land, but that in 1868 or 1869 it had been discontinued by the board of township trustees, and that there has been no road across the land since he bought it in 1885.
Thomas Allen, for the State, testified: "I live on the farm in question. I lived there last year. In February or March of this year I notified Durham not to trespass on the land. The wire of Young's fence was down, and I nailed it up, and cut bushes and put in the road. Defendant pulled them out and told me not to do it, as he was going to travel it *Page 407 
until Lawyer Hicks told him to stop. I tended the land last year, and intended to do it this year. He asked my permission to go across it last year and I granted it. Knew nothing about it until last year."
W. A. Belvin, for the State, testified: "I have lived near Henderson since 1855. Knew this road ever since. It was a public road. I was a member of the board of township trustees and a justice of the peace. About 1870 or '71 the township trustees discontinued the (548) road, took the hands off, and assigned them to another road." (Defendant objected to this testimony for the reason that the statute directed, and still does, the mode by which a public road might be discontinued, and it is not competent to show that it was discontinued in any other way except by non-user for 30 years. Objection overruled. Defendant excepted.) The witness stated that it has not been used or worked for 27 years. On cross-examination he stated: "I have not been a justice or road supervisor all the time. If this road had had an overseer, or been worked, I would have known it. We did not stop it up; we simply took the hands off. I cannot say it has not been traveled by those who wanted to in all that time; but it was discontinued as a public road by the township trustees. I do not remember that every land owner was notified, or that notice was posted; but I presume we did what was necessary. The book of the trustees containing this was burned in the Henderson fire in the Spring of 1870. I never knew or heard that the county commissioners had anything to do with discontinuing it. The part of this road that crossed Young's land has been in cultivation. I saw it in cultivation last year."
There was other evidence as to the disuse of the old road.
Defendant, a witness in his own behalf, testified: "I am 53 years old. Have known this place 40 years. Have lived within 2 miles of it for 40 and at it 27 years. I remember when this road across Young's land was worked by an overseer and hands. This wire was put up 10 or 11 years ago. It came to the road and across it to a cedar, and then down the road. People at first went along beside the wire, and then turned across Buchanan's land; but he stopped up that way this year, which is the first time people passing in that direction have been stopped. Then I took down the wire at the cedar and traveled along the old road." The court here intimated that it would instruct the jury, upon the evidence, that the defendant was guilty. Defendant offered to show (549) by this witness his bona fide belief in his right to travel the old road across prosecutor's land, and also by himself and many other witnesses that the public continued to go over this road till 1888, when a wire fence was put across the road by the prosecutor, and that thereafter the public went across the land of the prosecutor and Buchanan, an adjoining owner, in the same direction, until early in 1897, when the *Page 408 
said paths were obstructed. The court, upon objection by the State, held this evidence incompetent and immaterial. Defendant excepted.
The court then charged the jury that upon all the evidence, if believed, they should find defendant guilty. Defendant excepted, upon the grounds: (1) That, it appearing from all the evidence that the locus in question was once a public road, it devolved upon the State to prove beyond a reasonable doubt that the right and easement of the public to go over it has been lost, either by the method prescribed by law for discontinuing public roads, before 1876, with the concurrence of the township trustees, or else by a nonuser of the easement by the public for thirty years, neither of which was proved by the State; and the action of the township trustees, as testified to, in taking off the hands and ceasing to work the road, or even the order of the trustees discontinuing the road, if proved, would not, without the concurrence of the county commissioners, make, as provided by law, a discontinuance of the road. (2) The court should have admitted the evidence offered by defendant of the bona fides of his claim of right to enter and go over the lands on that part thereof regarded by defendant as a public highway, and should have charged the jury, as requested, that if defendant entered the land under a bona fide claim of right, and went over it, he would not be guilty, when the same had ceased to be a public road. The jury returned a verdict of guilty, and (550) from the judgment thereon defendant appealed.
Upon an indictment for entry upon land after being forbidden (Code, sec. 1120), when the entry, after being forbidden by the party in possession, is shown or admitted, the burden devolves upon the defendant to show that he entered under a bona fide claim of right. It is not sufficient merely to testify that he believed he had a right to enter, for if so, the statute would be a nullity and incapable of enforcement, but he must show that he had reasonable grounds for such belief. S. v. Glenn, 118 N.C. 1194; S. v.Bryson, 81 N.C. 595; S. v. Crawley, 103 N.C. 353. If there is no evidence in that status of the case to show reasonable ground for such belief, the judge should instruct the jury that if they believe the evidence the defendant is guilty. S. v. Fisher, 109 N.C. 817; S. v.Glenn, supra; S. v. Calloway, 119 N.C. 864.
The prohibition and the entry thereafter were in evidence and not denied. It was also in evidence that the former public road was discontinued in 1870 by the board of township trustees, who at that time were empowered to discontinue public highways. Laws 1868-'69, ch. 185, sec. 14. It being shown that the book of record of the board of township trustees had been destroyed by fire, the making of such order was properly *Page 409 
shown by one of the said trustees. It was further in evidence by the defendant's own testimony that the road had been blocked for ten or eleven years by wires put up for that purpose.
The judge therefore properly held that the defendant's evidence of abona fide belief that he had a right to enter, being unsustained by any evidence of a reasonable ground for such belief, was immaterial, (551) and that if the jury believed the evidence they should find the defendant guilty.
No error.
MONTGOMERY, J., did not sit on the hearing of this appeal.
Cited: S. v. Wells, 142 N.C. 595; S. v. Mallard, 143 N.C. 667; S. v.Taggart, 170 N.C. 741.