STATE v. CAMPBELL.

(Filed September 22, 1903.)

1. EVIDENCE—*Injury to Property—Indictment—Agency—Fence—The Code, sec. 1062.*

> In an indictment for pulling down and removing a fence surrounding a cultivated field, it is not competent for the defendant to show that he did the act as the agent of another person.

2. FENCES—*Injury to Property—The Code, sec. 1062.*

> Under The Code, a cultivated field is one kept and used for cultivation according to the ordinary course of husbandry, and the smallness of the tract makes no difference.

3. FENCES—*Injury to Property—Evidence—Possession—The Code, sec. 1062.*

> In an action for removing a fence from a cultivated field, the defendant cannot, as a defense, show title in himself, the prosecutor being in actual quiet possession.

DOUGLAS, J., dissenting.

INDICTMENT against Thomas Campbell, heard by Judge *G. S. Ferguson* and a jury, at April Term, 1903, of the Superior Court of PITT County. From a verdict of guilty and judgment thereon the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Skinner & Whedbee,* for the defendant.

CLARK, C. J.　This was an indictment under The Code, sec. 1062, for pulling down and removing a fence surrounding a cultivated field.　The prosecutor testified that he was in possession of the field, which he had cleared and fenced six or seven years ago, and had used it for tobacco beds for several years in succession; that year before last he had planted sweet potatoes in it, and last year he sowed peas in it and had picked part of them, when he was taken down with typhoid fever, and on his recovery found that the fence had been torn down and removed, and that he heard the defendant admit that he tore the fence down and removed it.　He testified that the field contains three-fourths of an acre to one acre.　The defendant testified that it was only nineteen yards by fourteen yards; that last year the prosecutor sowed it in peas, and the year before had planted it in potatoes, and in previous years had used it as a tobacco bed, and that he (the defendant) tore down and removed the fence.

The Court properly ruled out, over the defendant's exception, his offer to show that he tore down the fence as agent for and under the direction of another.　If the defendant violated the law, it is no defense that some one else requested or paid him to do so.

The Court charged the jury that if "they were satisfied from the evidence, beyond a reasonable doubt, that the prosecutor enclosed the fence six years ago and planted tobacco beds in the field, as described by the defendant, and sweet potatoes in 1901 and peas in 1902, as described by the defendant, and the defendant tore down the fence as described, they would return a verdict of guilty."　The defendant again excepted, but there was no error.

In *State v. Allen,* 35 N. C., 36, *Nash, J.,* held that the statute applied where a piece or a tract of land had been cleared and fenced and cultivated, or proposed to be cultivated, and is kept and used for cultivation according to the

ordinary course of husbandry, although nothing may be growing within the enclosure at the time of the removal of the fence, and even when the owner has no intention of raising anything on it at the time of such removal; that when land is resting, lying fallow, it is important that it should not be trodden by beasts of any kind, and to this end fences must be kept up and are protected by law. This ruling was cited and approved in *State v. McMinn,* 81 N. C., 585, in which case it was also held that the smallness of the tract made no difference; that a town lot, if enclosed and cultivated, could be described as a "field" under this statute, unless it was used as a "garden," in which case it should be so described.

If the defendant or those for whom he acted had a better title than the prosecutor, it could not be shown in this action. It is enough that the prosecutor was in actual quiet possession. *State v. Hovis,* 76 N. C., 117.

No error.

DOUGLAS, J., dissents.