## STATE v. WELLS.

(Filed October 16, 1906).

*Railroads—Eminent Domain—Condemnation Proceedings— Serving Maps and Profiles—Amendments—Rights-of-Way —Right of Entry—Payment of Appraisement—Wilful Trespass—Defenses—Evidence—Waiver of Jury in Criminal Cases.*

1. The failure to serve a map and profile with the summons in condemnation proceedings as required by Rev., sec. 2599, may be cured by amendment.

2. The right of entry granted a railroad company under Rev., sec. 2575, is only for the purpose of marking out the route and designating the building sites desired, to the end that the parties may come to an intelligent agreement as to the price. In case the parties cannot agree, then the company may proceed to condemn the land, and the company does not acquire the right (Rev., sec. 2587) to enter for the purpose of constructing the road until the amount of the appraisement has been paid into Court.

3. An indictment for wilful trespass under Rev., sec. 3688, will lie against an employee of a railroad company for an entry after being forbidden on land which the company is seeking to condemn, the entry being for the purpose of constructing the road and before an appraisement has been made, although a restraining order against such a trespass would be refused.

4. In an indictment under Rev., sec. 3688, which makes it a misdemeanor to enter on the lands of another after being forbidden, etc., a defendant cannot be convicted if he enters, having right or under a *bona fide* claim of right.

5. In an indictment for a wilful trespass under Rev., sec. 3688, where
   the Judge on appeal (a trial by jury being waived) finds that the
   defendant entered without right, but the question of whether he
   entered under a *bona fide* claim of right does not appear in the
   facts and has never been determined, the defendant's guilt has not
   been established and the judgment against him must be set aside.

6. *Quære:* Whether the principle that on indictments originating in
   the Superior Court trials by jury cannot be waived by the accused,
   applies to appeals in criminal actions of which justices of the
   peace have final jurisdiction.

INDICTMENT against D. Wells, heard before *Judge E. B. Jones* at the August Term, 1906, of the Superior Court of DUPLIN.

Defendant, having been convicted before a justice of the peace for a wilful trespass, under Revisal, sec. 3688, appealed to the Superior Court, where, at August Term, it was agreed that the Judge might find the facts and enter judgment accordingly. The Court found the facts, and thereon adjudged defendant guilty and imposed a fine of one dollar. Defendant excepted and appealed, assigning for error that the Court adjudged defendant guilty on the facts as found.

From the findings of facts it appears that the charter of the Hilton Railroad and Logging Company (ch. 42, Private Acts 1901) confers upon it the right to condemn lands according to the regulations and procedure established by the general law, Revisal, ch. 61, secs. 2575, *et seq.*

Pursuant to the power so conferred, condemnation proceedings were instituted by the company against one F. H. Carter. A demurrer was filed to the petition made in the cause, which was heard 28 May, 1906, when the demurrer was sustained by the Clerk, and an appeal was taken to the Judge holding the courts of the district, who ordered an amended petition, map and profile to be served on defendant F. H. Carter on 29 May.

Pending the proceedings before any appraisement made, and without any money having been paid into court by the

petitioner, the defendant, an employee of the road, after being forbidden by the owner, entered on the lands for the purpose of constructing the road; and for this entry said defendant was adjudged guilty of criminal trespass, and excepted and appealed, as heretofore noted.

*Walter Clark, Jr.,* and *H. L. Stevens,* with the *Attorney-General,* for the State.
*Rountree & Carr* for the defendant.

HOKE, J., after stating the case: The question intended to be presented in this appeal is whether, under the statute referred to, conferring power to condemn land, and on the facts as found by the Court, the railroad corporation, by its agent and employees, had the right to enter on the lands of F. H. Carter, the prosecutor, for the purpose of constructing their road before an appraisement made and before paying into court the sum appraised by the commissioners appointed for the purpose.

The statute, ch. 61 of the Revisal, sec. 2575, provides that the company may enter on land for the "purpose of laying out the road"; and the same section says that "they may also enter on any contiguous lands along the route which may be necessary for depots, warehouses, and other buildings required; and shall pay to the proprietors such sum as may be agreed upon." This right of entry is only for the purpose of marking out the route and designating the building sites desired, to the end that the parties may come to an intelligent agreement as to the price. Another reason for granting the company a right of entry at this stage and for this purpose, is that sec. 2599 requires that in case condemnation proceedings become necessary the company is required to file with their petition, or rather to have served with their summons, a map, showing how the line is located through the land, and a profile showing the depths of the cuts and length of embankments, etc. Under sec. 2575, no right of property passes,

unless by agreement of the parties, and no right or interest in or upon the land is given as against the donor except to lay out the line and designate the sites required for the necessary and proper construction of the road as proposed. In case the parties cannot agree, then the company may proceed to condemn the land, as directed in other sections of the act. As stated, a map and profile must be served with the summons, though a failure to do this may be cured by amendment, as was done here: *Railroad v. Newton,* 133 N. C., 137; and on petition filed, if no sufficient cause is shown *contra,* commissioners are to be appointed, who shall view the premises, determine the amount of compensation, and duly report their proceedings, etc., etc.

When the appraisal is made by the commissioners the statute, sec. 2587, provides: "That if said company, at the time of appraisal, shall pay into court the sum assessed by the commissioners, then, and in that event, the said company may enter, take possession of and hold said land, notwithstanding the proceedings on appeal."

While it is the generally accepted construction of the section that the payment of the amount assessed by the commissioners, when this assessment has been made in compliance with the statute, is, *prima facie,* sufficient protection to the land-owner, and will authorize the company to enter on the land for the purpose of building their road according to the plans and specifications considered and passed upon, it is also true that prepayment of the amount into court is a condition precedent, and, until such payment, no right of entry exists for such purpose. The right given by sec. 2575 is for laying out and making a map and profile of the route, and to enable the parties to agree as to proper compensation. When this agreement cannot be made and condemnation proceedings are instituted, the right given under sec. 2587 is to enter when the amount of the appraisement has been paid into court, and not before.

142—38

Considering the two sections together, the meaning is too plain for misconstruction. We are clearly of opinion, therefore, that the defendant, as employee of the company, had no right to enter on the land of the prosecutor. We are referred by counsel to several decisions where a restraining order against entries of this character have been refused by the courts; and it is argued that because a restraining order would be refused, no indictment would lie. This position is not well considered. It is neither an ordinary nor usual exercise of the equitable powers of the Court to grant injunctive relief for the prevention or punishment of crime. This process, as a rule, is only issued in such cases when the acts complained of involve an invasion of property rights which causes or threatens irreparable damage and the remedies at law are inadequate to afford protection or redress. High on Injunctions (4 Ed.), secs. 20, 20a; *Henry v. Jewett,* 90 N. Y., 64; *Moore et al. v. Railroad,* 108 N. Y., 98.

It does not follow, therefore, that because in certain cases the courts have refused an injunction, an indictment will not be upheld.

In one of the cases cited by counsel, *Railroad v. Lumber Co.,* 116 N. C., 924, the decision proceeds on the supposition that defendant was a trespasser, and injunction was denied because a bond had been filed sufficient to cover all damages which might ensue by reason of the entry. And, in another, *Railroad v. Newton,* 133 N. C., 132, it is expressly stated for law: "That formerly payment of the compensation was not required before entry; citing *Railroad v. Davis,* 19 N. C., 452; *Railroad v. Parker,* 105 N. C., 246; *State v. Lyle,* 100 N. C., 501. The Code, sec. 1946 (Revisal, sec. 2587), changed this as to railroads, by requiring the company to pay into court the sum assessed before entry on the right-of-way."

While we are of opinion, and so hold, that the defendant had no right to enter on the prosecutor's lands for the purpose of constructing the road, we do not at all hold that, on the

facts as found by the Court, the judgment of guilty entered
against him is valid or can be allowed to stand. Defendant is
prosecuted under sec. 3688, Revisal 1905, which makes it a
misdemeanor for one to enter on the lands of another after
being forbidden, without license, etc., etc. The uniform con-
struction put upon this statute has been that a defendant who
enters, after having been forbidden, cannot be convicted if he
enters having right or under a *bona fide* claim of right.
*State v. Crosset,* 81 N. C., 579; *State v. Whitener,* 93 N. C.,
590; *State v. Winslow,* 95 N. C., 649.

True we have held in several well-considered decisions, that
when the State proves there has been an entry on another's
land, after being forbidden, the burden is on the defendant to
show that he entered under a license from the owner, or under
a *bona fide* claim of right. And on the question of *bona fides*
of such claim, the defendant must show that he not only be-
lieved he had a right to enter, but that he had reasonable
grounds for such belief. *State v. Glenn,* 118 N. C., 1194;
*State v. Durham,* 121 N. C., 546. But where there is evi-
dence tending to show that the defendant believed and had
reasonable ground to believe in his right to enter, then in addi-
tion to his right, the question of his *bona fide* claim of right
must be in some proper way considered and passed upon
before he can be convicted.

The Judge finds, and we agree with him, that the defend-
ant entered without right, but the question of whether he en-
tered under a *bona fide* claim of right does not appear in the
facts, and has never been determined. The defendant's guilt,
therefore, has not been established, and the judgment against
him must be set aside.

While we have expressed our opinion on the main question,
the right of the defendant to enter on the land, because the
parties desired to present it, and in the hope that this opinion
will end the controversy, we must not be understood as ap-
proving the method of procedure by which the guilt of the

defendant was determined upon in the Court below—a trial by a Judge without the aid of a jury. Two decisions of this Court—*State v. Stewart,* 89 N. C., 564; *State v. Holt,* 90 N. C., 749—have held that, in the Superior Court, on indictment originating therein, trials by jury in a criminal action could not be waived by the accused.

We do not decide whether this principle applies in the present case, but, for the error pointed out, we direct that a new trial be granted, to the end that the facts found by the Judge be set aside as insufficient to present the question of defendant's guilt or innocence, and defendant be tried in accordance with the law.

New Trial.

WALKER and CONNOR, JJ., concur in result.