STATE v. C. F. MALLARD.

(Filed May 14, 1907).

*Indictment —Trespass—Railroads—Right-of-Way— Appeal
—Advice of Counsel.*

Payment of the appraisement into Court is a condition precedent to
a right of entry for construction purposes by a railroad; upon the
trial under an indictment (Revisal, sec. 3688) for trespass on
lands after being forbidden, it is no defense to show that defendant
acted under the instructions of his superior officer of a railroad
company in entering upon the lands to construct a railroad,
pending an appeal by the railroad company (Revisal, sec. 2587),
when the company has not paid into Court the sum appraised by
the commissioners. Evidence that such superior officer therein
acted by the advice of counsel learned in the law is incompetent.

THE defendant was tried at November Term, 1906, of
DUPLIN Superior Court before his Honor, *Jones, J.,* and a
jury, for a violation of section 3688 of the Revisal, upon
appeal from a justice of the peace, and was convicted. From
the judgment rendered, defendant appealed.

*Assistant Attorney-General Clement* for the State.
*Roundtree & Carr* for defendant.

BROWN, J. This case is similar to *State v. Wells,* 142
N. C., 595, the offense having been committed at the same
time. In fact, Wells was working under this defendant, and
for the same company, at the time of the alleged trespass. In
*Wells' case* the Judge found the facts by consent, and as they
were held to be insufficient to support the judgment, a new
trial was directed.

This case was tried before a jury, and comes up upon
assignments of error to his Honor's rulings. It was held in
*Wells' case* the Judge found the facts by consent, and as they
had no authority to proceed to construct its road upon the
lands of others until the amount of the appraisement had
been paid in Court.

The defendant's own evidence shows that he was assistant superintendent of the logging department and had charge of the building of the railroad; that, acting under orders from his superior, he and his force had entered on Carter's land and were constructing their road thereon against the protests of the owner. It is not pretended that such entry was for the purpose of marking out and surveying the route. It is not pretended that, pending the appeal in the condemnation proceeding, the appraisement money had been paid into Court, and the defendant fails to state in his evidence that he was informed or believed that it had been paid. At the same time he states, that he knew the land was Carter's property, and that on the profile map furnished by the company Carter's name was put down as the owner. The defendant offers no evidence, except that in entering and constructing the road he obeyed the order of his superior officer.

The defendant offers to prove that his superior officer, Parsley, was advised by counsel learned in the law to proceed to construct the road, notwithstanding the money had had not been paid. There may be cases where, under certain circumstances, such advice might be evidence of the *bona fides* of an entry; but here the facts are all before the Court, and, giving the defendant credit for all he offered to prove, the entry can neither be justified nor excused. *State v. Durham,* 121 N. C., 546; *State v. Bryson,* 81 N. C., 595; *State v. Crawley,* 103 N. C., 353; *State v. Fisher,* 109 N. C., 817.

Payment of the appraisement into Court is a condition precedent before a right of entry can be acquired for construction purposes. Rev., 2587. This is a reasonable protection to the land-owner, and without compliance with the statute the company cannot justify its entry, notwithstanding the advice of counsel. To hold that the orders of the officers, although based on such advice, would justify or excuse such entry, nothing else appearing, would destroy the protection

the statute gives to the land-owner and lay open his lands to unwarranted seizure by every so-called railroad and logging corporation (whether solvent or insolvent) that desired to cross his lands and had been able to secure the right of eminent domain as a common carrier and public servant.

Assuming that strictures of the Solicitor in his argument to the jury upon the high-handed conduct of the logging company were unduly severe, which we by no means concede, yet the defendant was not prejudiced thereby. His Honor might well have instructed the jury that upon all the evidence, if believed, including that of defendant himself, they should find him guilty.

Affirmed.

WALKER, J., concurs in result.