## STATE v. FLOYD BAKER.

(Filed 23 November, 1949.)

**1. Trespass § 9—**

> The three types of criminal trespass are (1) those designed to punish offenses against the freehold rather than the possession, (2) those designed to protect actual possession only, and (3) those designed to protect possession regardless whether it be actual or constructive. Actual possession consists in exercising acts of dominion over the land; constructive possession is theoretical possession arising from the existence of title which gives the right to assume immediate actual possession.

**2. Same—**

> G.S. 14-134 is designed to protect possession regardless whether it be actual or constructive.

STATE *v.* BAKER.

**3. Same—**

In a prosecution under G.S. 14-134 the State must show (1) that the land was in the actual or constructive possession of prosecutor, (2) that defendant entered upon the land intentionally, and (3) that accused did so after being forbidden by the prosecutor.

**4. Same—**

In a prosecution under G.S. 14-134, even though the State establish that defendant intentionally entered upon land in the actual or constructive possession of prosecutor after being forbidden to do so by the prosecutor, and thus established as an ultimate fact that defendant entered the *locus in quo* without legal right, defendant may still escape conviction by showing as an affirmative defense that he entered under a *bona fide* claim of right, *i.e.,* that he believed he had a right to enter, and that he had reasonable grounds for such belief.

**5. Trespass § 10—**

Where, in a prosecution under G.S. 14-134 the only evidence offered by the State as to title of prosecutor is oral testimony that prosecutor had purchased the property, and the only evidence of possession was that prosecutor had warned defendant to stay off the land and had entered upon the land temporarily on a single occasion to erect a barbed wire fence thereon, *held,* defendant's motion to nonsuit should have been granted, since the evidence is insufficient to establish prosecutor's possession of the land within the meaning of the statute.

**6. Property § 3—**

Proof of the destruction of a fence erected upon land is insufficient to sustain a conviction upon an indictment charging wanton and willful injury to personal property, since a fence is a part of the realty and there is a fatal variance between allegation and proof.  G.S. 14-160.

**7. Criminal Law § 81f—**

Decision of the Supreme Court sustaining defendant's exceptions to the refusal of his motions for nonsuit has the force and effect of a verdict of not guilty.  G.S. 15-173.

APPEAL by defendant from *Grady, Emergency Judge,* and a jury, at the June Term, 1949, of WAKE.

This appeal involves three criminal actions which originated in the Recorder's Court of Wake Forest, and were carried thence to the Superior Court by appeals of the defendant.  The cases were consolidated by consent in the Superior Court, where trial was had *de novo* on the original warrants.  The first two warrants were based on criminal complaints drawn under G.S. 14-134, which charged the defendant with trespassing on two separate occasions upon the lands of the New Bethel Church, a religious congregation, after being forbidden to do so by its duly constituted officers.  The third warrant was supported by a criminal complaint drawn under G.S. 14-160, which charged the defendant with wantonly

and willfully injuring "personal property belonging to New Bethel Church."

The State presented no documentary evidence to show any title in the New Bethel Church. It did introduce oral testimony, however, indicating that the New Bethel Church laid claim to two tracts of land adjoining a public highway known as the Raleigh Road in Barton Creek Township in Wake County; that the first of these tracts contained a church building and had been in the actual occupation of the congregation for upwards of fifty years; that the second of these tracts, which embraced about two acres, had been purchased from Zelma Rudd in May or June, 1947, and lay between the farm of the defendant and the Raleigh Road; that the officers of the New Bethel Church forbade the defendant to enter upon the two-acre tract, and thereafter, to wit, on 17 August, 1948, and October 1, 1948, the defendant traveled to and fro thereon between his farm and the Raleigh Road; that thereafter, to wit, on 4 January, 1949, officers and members of the New Bethel Church erected a barbed wire fence along an edge of the two acre tract to preclude its use as a way by the defendant, and two hours later the defendant tore down the fence; and that the two-acre tract was not in the actual possession of anybody during the times in controversy, except for two or three hours on 4 January, 1949, while officers and members of the Church were engaged in the erection of the barbed wire fence mentioned above.

The defendant introduced a duly registered deed dated 9 December, 1939, whereby J. K. Ray and his wife, Iola Ray, purported to convey to the defendant in fee simple eighty acres of land adjoining the Raleigh Road and the first tract claimed by the New Bethel Church in Barton Creek Township in Wake County. The defendant presented oral testimony tending to show that the eighty acre tract embraced the *locus in quo;* that he had been in the actual possession of the *locus in quo* and all other portions of the eighty acre tract at all times since 9 December, 1939, under a claim of fee simple ownership based upon his deed; and that he had torn down the barbed wire fence because it had been erected by the prosecutor against his will upon the land occupied and claimed by him under his deed, and interfered with his use of such land.

The jury found the defendant guilty in all three cases, and the court pronounced judgments of imprisonment upon the verdicts. The defendant excepted and appealed, assigning as errors the refusals of the court to nonsuit the actions under G.S. 15-173.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*M. Hugh Thompson and J. J. Sansom, Jr., for defendant, appellant.*

ERVIN, J.  The criminal complaints underlying the first two warrants charge the defendant with trespass on the land of another after notice or warning contrary to a statute, which was enacted in 1866 and which is now codified as G.S. 14-134.  The portion of the statute germane to this appeal is in these words: "If any person after being forbidden to do so, shall go or enter upon the lands of another, without a license therefor, he shall be guilty of a misdemeanor, and on conviction, shall be fined not exceeding fifty dollars, or imprisoned not more than thirty days."  G.S. 14-134.

Various criminal trespasses to land and fixtures are known to the law. Some are common law crimes, and others are legislative creations.  *S. v. Phipps,* 32 N.C. 17; *S. v. Love,* 19 N.C. 267; *S. v. Flowers,* 6 N.C. 225; *S. v. Trexler,* 4 N.C. 188; G.S., Ch. 14, Art. 22.  They fall into three classifications when tested by their social objectives.

Some, *e.g.,* the crime of unlawfully cutting, injuring or removing another's timber as defined by G.S. 14-135, are offenses against the freehold rather than the possession, and in them ownership of the property by the prosecutor is a *sine qua non* to conviction.  *S. v. Boyce,* 109 N.C. 739, 14 S.E. 98.

Others, *e.g.,* the misdemeanor of forcible trespass under G.S. 14-126, are designed to protect actual possession only, and in them it is no defense that the accused has title to the *locus in quo* if the prosecutor be in actual possession of it.  *S. v. Davenport,* 156 N.C. 596, 72 S.E. 7; *S. v. Campbell,* 133 N.C. 640, 45 S.E. 344; *S. v. Fender,* 125 N.C. 649, 34 S.E. 448; *S. v. Webster,* 121 N.C. 586, 28 S.E. 254; *S. v. Howell,* 107 N.C. 835, 12 S.E. 569; *S. v. Marsh,* 91 N.C. 632; *S. v. Laney,* 87 N.C. 536.  It is said in cases involving this class of criminal trespasses that "if the defendant has a better title than the prosecutor to the premises or to the possession thereof, he can assert it by due course of law, but he cannot do so by violating the criminal law of the State."  *S. v. Hovis,* 76 N.C. 117.

There is yet another category of criminal trespasses to realty.  It embraces offenses intended to protect possession, regardless of whether it be actual or constructive in its nature.  *S. v. Reynolds,* 95 N.C. 616. Actual possession is a tangible fact, and constructive possession is a legal fiction.  Actual possession of land consists in exercising acts of dominion over it, and in making the ordinary use of it to which it is adapted, and in taking the profits of which it is susceptible.  *Locklear v. Savage,* 159 N.C. 236, 74 S.E. 347.  Constructive possession is that theoretical possession which exists in contemplation of law in instances where there is no possession in fact.  When land is not in the actual enjoyment or occupation of anybody, the law declares it to be in the constructive possession of the person whose title gives him the right to assume its immediate actual possession.  *Ownbey v. Parkway Properties, Inc.,* 222 N.C. 54,

21 S.E. 2d 900; *Mitchell v. Bridgers,* 113 N.C. 63, 18 S.E. 91; *Graham v. Houston,* 15 N.C. 232.

In prosecutions for criminal trespasses of the second class, *i.e.,* those which are offenses against actual possession only, the title is not in issue, but the State must prove actual possession of the premises by the prosecutor as an indispensable element of the charge. It inevitably ensues that the prosecution fails in such cases for defect of proof if the evidence discloses that the accused and not the prosecutor actually occupied the *locus in quo* at the time in controversy.

These observations apply with equal force to prosecutions for criminal trespasses of the third category, *i.e.,* offenses against either actual or constructive possession, unless such prosecutions be founded on entries upon vacant land. In the last mentioned eventuality, the title is in issue for the State cannot prevail, in such case, without showing the constructive possession of the prosecutor as an essential ingredient of the accusation, and to do that, the State must establish title in the prosecutor at the time of the alleged offense. *S. v. Reynolds, supra.* In consequence, the prosecution fails in this instance for defect of proof if the testimony reveals that at such time the accused and not the prosecutor had title to the *locus in quo.*

The crime created by the enactment now codified as G.S. 14-134 falls within the third category of criminal trespasses, *i.e.,* those designed to protect possession without regard to whether it be actual or constructive. *S. v. Yellowday,* 152 N.C. 793, 67 S.E. 480. To constitute trespass on the land of another after notice or warning under this statute, three essential ingredients must coexist: (1) The land must be the land of the prosecutor in the sense that it is in either his actual or constructive possession; (2) the accused must enter upon the land intentionally; and (3) the accused must do this after being forbidden to do so by the prosecutor. Although the State may prove beyond a reasonable doubt in a prosecution under this statute that the accused intentionally entered upon land in the actual or constructive possession of the prosecutor after being forbidden to do so by the prosecutor and thus establish as an ultimate fact that the accused entered the *locus in quo* without legal right, the accused may still escape conviction by showing as an affirmative defense that he entered under a *bona fide* claim of right. *S. v. Faggart,* 170 N.C. 737, 87 S.E. 31; *S. v. Wells,* 142 N.C. 590, 55 S.E. 210; *S. v. Glenn,* 118 N.C. 1194, 23 S.E. 1004. When an accused seeks to excuse an entry without legal right as one taking place under a *bona fide* claim of right, he must prove two things: (1) That he believed he had a right to enter; and (2) that he had reasonable grounds for such belief. *S. v. Faggart, supra; S. v. Wells, supra; S. v. Durham,* 121 N.C. 546, 28 S.E. 22; *S. v. Calloway,* 119 N.C. 864, 26 S.E. 46; *S. v. Glenn, supra; S. v.*

*Fisher,* 109 N.C. 817, 13 S.E. 817; *S. v. Crawley,* 103 N.C. 353, 9 S.E. 409; *S. v. Lawson,* 101 N.C. 717, 7 S.E. 905, 9 Am. St. Rep. 42; *S. v. Winslow,* 95 N.C. 649; *S. v. Bryson,* 81 N.C. 595; *S. v. Crossett,* 81 N.C. 579; *S. v. Hause,* 71 N.C. 518; *S. v. Whitehurst,* 70 N.C. 85; *S. v. Ellen,* 68 N.C. 281; *S. v. Hanks,* 66 N.C. 612.

The assignments of error of the defendant based upon the refusal of the trial court to dismiss the prosecutions for trespass upon compulsory nonsuits under G.S. 15-173 present this query: Was the testimony of the State at the trial sufficient to sustain the allegations of the criminal complaints that the *locus in quo* was the land of the prosecutor within the meaning of G.S. 14-134? This question must be answered in the negative for the reason that the State failed to offer evidence indicating that the prosecutor had either actual or constructive possession of the property in controversy.

The testimony of the prosecution itself discloses that the only acts done by the prosecutor in asserting its claim to the *locus in quo* consisted in warning the defendant to stay off the land, and in entering upon the land temporarily on a single occasion to erect a barbed wire fence thereon, which was designed solely to exclude the defendant from the land and which was forthwith removed by the defendant. Merely warning others not to go upon specific land does not constitute actual possession of such land. *Ruffin v. Overby,* 88 N.C. 369. The same observation applies to an isolated entry upon realty. *Currie v. Gilchrist,* 147 N.C. 648, 61 S.E. 581; *Williams v. Wallace,* 78 N.C. 354.

The only evidence presented by the State to show ownership of the *locus in quo* by the prosecutor consisted of the oral assertions of witnesses that the prosecutor bought the property from Zelma Rudd in May or June, 1947. This testimony fell far short of meeting the legal requirements for proving title to realty. *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142. This being so, there was no evidence tending to show constructive possession by the prosecutor.

The criminal complaint supporting the third warrant was drawn under G.S. 14-160 and charges the defendant with wantonly and willfully injuring "personal property belonging to New Bethel Church." The evidence offered by the State under this accusation tends to show an injury to a fence, which is, in law, a part of the realty. *S. v. Graves,* 74 N.C. 396. This discrepancy between the averments of the criminal complaint and the proof constitutes a fatal variance, and by reason thereof the motion of the defendant for judgment of nonsuit in the prosecution for injury to personal property ought to have been sustained in the trial court. *S. v. Law,* 227 N.C. 103, 40 S.E. 2d 699; *S. v. Forte,* 222 N.C. 537, 23 S.E. 2d 842; *S. v. Jackson,* 218 N.C. 373, 11 S.E. 2d 149, 131 A.L.R. 143; *S. v. Stinnett,* 203 N.C. 829, 167 S.E. 63.

For the reasons given, the motions of the defendant for judgments of nonsuit in the several prosecutions are sustained on this appeal. These rulings have the force and effect of verdicts of not guilty in all three actions. G.S. 15-173.

Reversed.